RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
Office and Post Office Address
60 East 42nd Street, Suite 2430
New York, New York  10165
(212) 297-0700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JULIE JACOBY,                                                                                07 Civ 4627 (LAK)(RLE)

                              Plaintiff,                                                PLAINTIFF'S REQUEST
                                                                                                         FOR PRODUCTION
        -against-                                                                OF DOCUMENTS

HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY,

                              Defendant.
-----------------------------------------------------------------X

       PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. Rule 34, Plaintiff requests that defendant produce the following writings and things within the possession, custody or control of defendant, its representatives, agents, employees or attorneys for inspection and copying at the offices of Riemer & Associates LLC, 60 East 42nd Street, Suite 2430, New York, New York 10165, on or before February 8, 2008, at 10:00 a.m.

Definitions and Instructions

       A.     This request is governed by and incorporates by reference Rule 26.3 of the Civil Rules of the Southern District of New York.

       B.     The term "document" has the broadest meaning allowable under Fed. R. Civ. P. Rule 34(a) and Rule 26.3 of the Civil Rules of the Southern District of New York.

  C. "Hartford" means defendant Hartford Life and Accident Insurance Company, its committees, predecessors, successors, parents or subsidiaries, affiliates, segments or divisions, and its present or former employees, agents, attorneys, accountants, officers, directors, trustees or trustees in bankruptcy.

  D. "Communication" means any correspondence, contact, discussion or exchange between any two or more persons or entities. Without limiting the foregoing, "communication" includes all documents, telephone conversations, e-mail, or face-to-face conversations, meetings and conferences.

  E. "Plan" means the Hartford Life and Accident Insurance Company, any policy funding or forming a part thereof, its predecessors, successors, parents or subsidiaries, affiliates, segments or divisions, and its present or former employees, agents, attorneys, accountants, officers, directors, trustees or trustees in bankruptcy.

  G. Terms in the plural include the singular, and terms in the singular include the plural. "And" includes the word "or," and "or" includes the word "and." "All" includes the word "any," and "any" includes the word "all." The use of one gender shall include the other as appropriate in the context.

  H. In responding to this request, you are expected to comply with Local Rule 26.2 for each document responsive to this request withheld pursuant to a claim of privilege or work product.

  I. These document requests are to be deemed to be continuing.

  J. Unless otherwise specified, the relevant time period of this request is January 1, 2002 to present.

Documents Requested

1. All documents that evidence, record, reflect or refer to the Plan in effect from January 1, 2002 through the present, including any amendments thereto.

2. All documents that evidence, record, reflect or refer to summary plan descriptions (with the meaning of Section 102(a)(1) of ERISA) of the Plan, and any summary of material modifications (within the meaning of Section 102(a)(2) of ERISA) thereto in effect from January 1, 2002 to the present.

3. All documents that evidence, record, reflect or refer to the Plan or any other policy of insurance or other agreement issued by Hartford with respect to the Plan in effect from January 1, 2002 to the present, including any amendments thereto.

4. All documents (including without limitation any computer or on-line based document) that evidence, record, reflect or refer to internal rules, regulations, guidelines, or training manuals in effect from January 1, 2002 to the present, with respect to the handling, processing and administration of long term disability claims.

5. All documents (including without limitation any computer or on-line based document) that evidence, record, reflect or refer to internal rules, regulations, guidelines or training manuals in effect from January 1, 2002 to the present, with respect to the administration of benefit applications, claims and/or appeals.

6. All documents (including without limitation any computer or on-line based document) that evidence, record, reflect or refer to internal rules, regulations, guidelines or training manuals of in effect from January 1, 2002 to the present, with respect to disabilities caused by: (a) pain/fatigue; and/or (b) cognitive or psychiatric impairment.

7. All documents (including without limitation any computer or on-line based document) which evidence, record, reflect or refer to internal rules, regulations, guidelines or training manuals in effect from January 1, 2002 to the present, with respect to the hiring, retaining or commissioning of outside medical or vocational professionals to perform physical examinations, functional capacity evaluations and/or document reviews.

8. All documents that evidence, record, reflect or refer to correspondence (including, without limitation, emails and/or Lotus Notes) by and between Hartford (and any employees or agents thereof) and (a) Plaintiff or her attorney; (b) Plaintiff's treating physicians and medical professionals; (c) Social Security Administration; (d) any outside medical, vocational or other consultant; (e) employees of UDC and/or MAG and/or (f) any other individual or entity, with respect to plaintiff and/or her claim for benefits.

9. A copy of the file(s), and all documents contained therein, maintained by Hartford, including without limitation any and all files maintained by the claims department, vocational department, medical department, scheduling agent, or any other department or individual with respect to plaintiff and/or her claim for benefits.

10. A printout of all information maintained by Hartford and/or the Plan with respect to plaintiff on Hartford's and/or the Plan's computer system, including, without limitation, any e-mail, logs or notes of telephone conversations.

11. All documents relied on by Hartford and/or the Plan in discontinuing plaintiff's claim for long term disability benefits.

12. All documents reviewed by Hartford and/or the Plan in discontinuing plaintiff's claim for long term disability benefits under the Plan.

13. All documents that evidence, record, reflect or refer to contracts and correspondence with (including, without limitation, emails and Lotus Notes), payments to, and the notes, reports and raw data of, any in-house or outside professional(s) who conducted, with respect to plaintiff: (a) a physical examination; (b) a functional capacity evaluation; (c) medical document review; (d) vocational or occupational study; (e) rehabilitation study; and/or (f) any other review or study.

14. All documents that evidence, record, reflect or refer to the curriculum vitae of any in-house or outside professional who conducted an examination, review or study with respect to plaintiff.

15. A copy of the file, and all documents contained therein, maintained by any inside or outside professional with respect to plaintiff and/or her claim for benefits.

16. All documents that evidence, record, reflect or refer to payment to an outside professional who conducted an examination, review or study with respect to plaintiff.

17. All documents that evidence, record, reflect or refer to the services agreement by and between Hartford and the firm that arranged the outside examination, review or study with respect to plaintiff.

18. All documents that evidence, record, reflect or refer to minutes of any meeting in which plaintiff and/or plaintiff's claim for long term disability benefits was discussed.

19. All documents that evidence, record, reflect or refer to the organizational structure maintained by Hartford and/or the Plan with respect to claims and/or appeals.

20. All audio and/or video recordings of plaintiff.

21. All documents that evidence, record, reflect or refer to any arrangements of Hartford tying employee compensation and/or bonuses to either (i) claim outcome; and/or (ii) Hartford's company profitability.

22. All documents that evidence, record, reflect or refer to estimates and/or projections of the cost of plaintiff's claim and benefits.

23. All documents that evidence, record, reflect or refer to the underwriting file and its contents with respect to the group policy issued to the Plan Sponsor, including without limitation, any marketing materials sent to the Plan Sponsor.

24. All documents that evidence, record, reflect or refer to communications between Hartford and the Plan Sponsor demonstrating that the Plan Sponsor, prior to the purchase of the subject group policy, affirmatively requested that language be included in the group policy delegating discretion upon Hartford to interpret Plan terms and/or to determine eligibility for disability benefits.

25. In the event that no documents exist responsive to Request 24, all documents, in either written or electronic form, establishing how the language delegating discretion upon Hartford to interpret Plan terms and/or to determine eligibility for disability benefits came to be included in the subject group policy.

Dated: New York, New York
       January 8, 2008

                          RIEMER & ASSOCIATES LLC
                          Attorneys for Plaintiff
                          60 East 42nd Street, Suite 2430
                          New York, New York  10165
                          (212) 297-0700

                          By: _____
                               Scott M. Riemer (SR5005)

TO:    Christina Bost Seaton, Esq.
        Troutman Sanders LLP
        405 Lexington Avenue
        New York, NY  10174
        212-704-6440

CERTIFICATE OF SERVICE

I hereby certify that I am attorney for Plaintiff and that on January 8, 2008, I caused to be served by first class mail a true and correct copy of PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS to the following:

Christina Bost Seaton, Esq.
Troutman Sanders LLP
405 Lexington Avenue
New York, NY  10174
212-704-6440

Dated: New York, New York
       January 8, 2008

_____
SCOTT M. RIEMER (SR5005)
60 East 42nd Street, Suite 2430
New York, New York  10165
(212) 297-0700