RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
Office and Post Office Address
60 East 42nd Street, Suite 2430
New York, New York 10165
(212) 297-0700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JULIE JACOBY,                                              07 CIV 4627 (LAK)(RLE)

                              Plaintiff,                   FIRST SET OF
                                                           INTERROGATORIES
              -against-                                    BY PLAINTIFF

HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY,

                              Defendants.
-----------------------------------------------------------------X

              PLEASE TAKE NOTICE that Plaintiff, by her attorneys, Riemer & Associates

LLC, hereby requests that defendant respond to the interrogatories set forth below in accordance

with Rule 33, Federal Rules of Civil Procedure and Rule 33.3 of the Civil Rules of the Southern

District of New York.

                              Definitions and Instructions

              A.     This request is governed by and incorporates by reference Rule 26.3 of the

Civil Rules of the Southern District of New York.

              B.     The term "document" has the broadest meaning allowable under Fed. R.

Civ. P. Rule 34(a) and Rule 26.3 of the Civil Rules of the Southern District of New York.

              C.     The term "identify" has the broadest meaning allowable under Rule 26.3

of the Civil Rules of the Southern District of New York.

D.    "Hartford" means Hartford Life and Accident Insurance Company, its predecessors, successors, parents or subsidiaries, affiliates, segments or committees, and its present or former employees, agents, attorneys, accountants, officers, directors, trustees or trustees in bankruptcy.

E.    "Communication" means any correspondence, contact, discussion or exchange between any two or more persons or entities.  Without limiting the foregoing, "communication" includes all documents, telephone conversations or face-to-face conversations, meetings and conferences.

F.    "Plan" means Hartford Life and Accident Insurance Company and any policies funding or forming a part thereof, its predecessors, successors, parents or subsidiaries, affiliates, segments, divisions or committees, and its present or former employees, agents, attorneys, accountants, officers, directors, trustees, or trustees in bankruptcy.

G.    If an Interrogatory may be answered by production of a document, please append the responsive document to your answer.

H.    If an Interrogatory pertains to a document which at some time existed but no longer exists, then in response to that interrogatory, state what information was contained in the document; the time period during which it was maintained; and the custodian or custodians of the document during its period of existence.

I.    If an Interrogatory seeks the identification of a natural person, and the individual so identified is not a party, set forth with particularity that person's name, last known home or business address and last known home or business telephone number.

J.    If an Interrogatory seeks identification of a business entity, set forth with particularity its name, last known telephone number, and last known mailing address.

K.     If an Interrogatory seeks identification of a communication, please state the date of the communication, the parties to the communication, and the mode of communication, and provide a synopsis of the contents of the communication.

L.     Terms in the plural include the singular, and terms in the singular include the plural.  "And" includes the word "or," and "or" includes the word "and."  "All" includes the word "any," and "any" includes the word "all."  The use of one gender shall include the other as appropriate in the context.

M.     In responding to this request, you are expected to comply with Local Rule 26.2 for each document responsive to this request withheld pursuant to a claim of privilege or work product.

N.     These interrogatories are to be deemed to be continuing.

O.     Unless otherwise specified, the relevant time period of this request is January 1, 2002 to present.


Interrogatories

1.     Identify each person or entity who participated in the processing, investigation, or review of plaintiff's claim for short and/or long term disability benefits under the Plan. For each person identified: state that person's name; current job title; all previous job titles and the dates that person held each job title listed; and that person's qualifications (which includes, but is not limited to, degrees, certifications, board certifications, diplomas, and certificates).  In the event any person identified in response to this interrogatory is not an employee of defendant, identify that person's employment and also state that person's

qualifications.  Please attach the curriculum vitae of any medical professional or occupational consultant identified.

      2.      To the extent not covered by your response to Interrogatory No. 1: (a) identify all persons on Hartford's Appeals Committee and any other persons involved in any way in the appeal of the denial of plaintiff's claim; (b) state the role, duties and functions of each; (c) state the education and training of each; and (d) state precisely what review or actions were taken by each person.  Identify each person or entity who participated in the determination to discontinue plaintiff's claim for long term disability benefits.  Please attach the curriculum vitae of any medical professional or occupational consultant identified.

      3.      Identify each in-house or outside medical or vocational professional who physically examined plaintiff, reviewed her medical records, or reviewed her work history.  Please attach the curriculum vitae of any medical professional or occupational consultant identified.

      4.      Identify each in-house or outside person, entity or consultant contacted by Hartford and/or the Plan with respect to plaintiff and/or her claim, whether or not such person, entity or consultant prepared a report.  Please attach the curriculum vitae of any medical professional or occupational consultant identified.

      5.      If Hartford did not refer plaintiff's claim to a vocational consultant for an occupational review, state the reasons why it did not have such a review made, identify the person making that decision, any person approving such decision, and state all facts or other bases on which the decision was made.  If Hartford did refer plaintiff's claim to a vocational consultant for an occupational review, describe how the functional requirements of plaintiff's job were determined by setting forth all details including the identity of who made the determination.

6.    If Hartford did not consult telephonically or in person with plaintiff's physicians concerning plaintiff's claim, state the reasons why Hartford did not have such consultations, identify the person making that decision, any person approving such decision, and state all facts or other bases on which the decision was made.

7.    For each of the following persons: (a) describe in detail their position with Hartford; (b) identify their supervisors; and (c) describe all duties and functions each performed with respect to plaintiff's claim, describe all training and education (including the source) each has received with respect to the processing of claims for long term disability insurance: Lisa M. Bice, Brenda M. Boutton, Jamie Brostek, Shannon M. Butler, Erik Cherchio, Johanna C. Cobb, William T. Conklin, Stephen J. Craver, Paul Crosby, April M. Dameron, Laurie B. Ellis, Christina M. Fletcher, Sarah C. Frankowski, Courtney S. Grosvenor, Theresa A. Habeeb, Jill A. Hierholzer, Lisa S. Housley, Shannon M. Meyer, Troy C. Murray, Fawn T. Nicita, Thomas C. Payne, Annettie L. Rice, Tina M. Sekorski, Jacqueline C. Siver, Kelly L. Slade, Christopher Volo and Fern E. Wool.

8.    State whether any activities occurred in relation to this matter which are not identified in the claim files maintained by Hartford and/or the Plan in relation to the claims asserted by plaintiff.  This request includes, but is not limited to: (a) unscheduled walk-in visits by claims personnel with physicians employed by Hartford; (b) discussions about plaintiff's claims amongst two or more employees of Hartford; (c) entries made in computer systems and/or databases maintained by Hartford and/or the Plan; and (d) e-mails, hand-written notes, management reports, claim activity reports, or other such activities.  If your answer is in the affirmative, identify each and every such activity by date, person or persons involved, type of activity, and content or description of activity.

9.    State any and all rules, guidelines, protocols, standards, and criteria, whether published or internal, which were utilized in whole or in part in rendering any decision relating to plaintiff's claims for benefits, or in the administrative appeal thereof.

10.    State all facts and evidence which Hartford and/or the Plan believes indicate, or support any contention, that plaintiff was not disabled on or after the date she applied for LTD benefits under the Plan (and is not now disabled). Identify all persons with knowledge of such facts and state the substance of their knowledge.

11.    Identify and describe all financial incentives, bonuses, commissions or other monetary awards for LTD claims reviewers in your employ since January 1, 2002, including but not limited to those persons identified in response to Interrogatories 1-4 and 7. As to each, state the amount of compensation and the criteria for the award.

12.    If contends that it does not have a conflict between its obligations under ERISA and its profit-maximizing motive as a business, state all facts on which Hartford relies for such contention.

13.    If Hartford contends that any conflict between its ERISA obligations and its profit-maximizing motive as a business is *de minimis* or did not taint any decision issued in this claim, state all facts on which it relies for such contention, identify all persons with knowledge of such facts and state the substance of the facts known by each.

14.    Identify whether the compensation of any individual or entity identified in response to Interrogatories 1-4 and 7 is directly or indirectly affected by the number or percentage of claims that are granted or denied. If so, attach any documents which evidence, record, reflect or refer to such affect.

15.     Identify whether promotion, demotion or layoff/termination decisions made with respect to any individual or entity identified in response to Interrogatories 1-7 (or any other similarly situated employee) are directly or indirectly affected by the number or percentage of claims that are granted or denied.  If so, attach any documents which evidence, record, reflect or refer to such affect.

16.     Were any of the individuals or entities identified in response to Interrogatories 1-4 and/or 7 ever told (individually or collectively), either orally or in writing, that he or she should increase the number or percentage of claims that are denied (either in general or for claims of fibromyalgia or chronic fatigue syndrome in particular).  If so, please attach copies of each such document.

17.     Identify all documents and provisions that support Hartford's contention it was granted discretionary authority to determine eligibility for benefits and to interpret the terms of the Plan.

18.     Identify all documents and provisions that identify, name, and/or otherwise designate Hartford as a "named fiduciary" of the Plan within the meaning of Section 402(a) of ERISA.

19.     Identify what procedures, if any, Hartford has in place to comply with its fiduciary obligations under 29 C.F.R. 2560.503-1(b)(5) to treat similarly situated claimants "consistently."

20.     How many times has Hartford retained, hired or otherwise utilized UDC and/or MAG, or any of their related entities or consulting physicians, to perform document reviews of the medical records of Hartford's insureds and/or claimants in each of 2001, 2002 and 2003.

21.    With respect to the document reviews listed in response to Interrogatory 20, list all of the different types of injuries and/or illnesses suffered by insureds and/or claimants for which (i) William Sniger, M.D. and (ii) Richard Levy, M.D. performed one or more reviews in each of 2001, 2002 and 2003.

22.    Identify the name and title of the person or persons answering these interrogatories.

Dated:    New York, New York
          January 8, 2008

                            RIEMER & ASSOCIATES LLC
                            Attorneys for Plaintiff
                            60 East 42nd Street, Suite 2430
                            New York, New York  10165
                            (212) 297-0700


                            By: _____
                                Scott M. Riemer (SR5005)

TO:    Christina Bost Seaton, Esq.
       Troutman Sanders LLP
       405 Lexington Avenue
       New York, NY  10174
       212-704-6440

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I am attorney for Plaintiff and that on January 8, 2008, I caused to be served by first class mail a true and correct copy of FIRST SET OF INTERROGATORIES BY PLAINTIFF to the following:

TO:    Christina Bost Seaton, Esq.
       Troutman Sanders LLP
       405 Lexington Avenue
       New York, NY  10174
       212-704-6440

Dated: New York, New York
       January 8, 2008

SCOTT M. RIEMER (SR5005)
60 East 42nd Street, Suite 2430
New York, New York  10165
(212) 297-0700