RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
Office and Post Office Address
60 East 42nd Street, Suite 2430
New York, New York 10165
(212) 297-0700



07 CV 4627

JUDGE KAPLAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JULIE JACOBY,

                Plaintiff,

      -against-

HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY,

                Defendant.
------------------------------------------------------------------X

COMPLAINT

      Plaintiff Julie Jacoby, by her attorneys Riemer & Associates LLC, complaining of defendant alleges:

      1.     This is an action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et. seq.*, to recover benefits due under an employee benefit plan, to clarify the rights of plaintiff to future benefits under such plan, and to recover attorney fees and costs.

      2.     This Court has subject matter jurisdiction pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. Under Section 502(f) of ERISA, 29 U.S.C. §1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

3. Venue is properly in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the Plan as hereinafter defined is administered in this district and the defendant resides or may be found in this district.

4. At all relevant times, plaintiff was and is a participant within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1002(7), in the (the "Plan").

5. At all relevant times, the Plan is and has been an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1).

6. At all relevant times, Hartford Life and Accident Insurance Company ("Hartford") is and has been the claims administrator of the Plan within the meaning of ERISA §3(16)(A), 29 U.S.C §1002(16)(A); and is and has been a fiduciary under the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C §1002(21)(A).

7. The benefits under the Plan are funded by Group Policy No. GLT707637 issued by Hartford.

8. Plaintiff was employed as executive assistant to the CFO of GSP Partners.

9. As an employee of GSP Partners, plaintiff was provided with long term disability insurance coverage under the Plan.

10. On December 20, 2002, plaintiff was rendered totally disabled within the meaning of the Plan as a result of Chronic Fatigue Syndrome.

11. Benefits were paid under the Plan from June 21, 2003 through June 20, 2006, but then benefits were discontinued by Hartford.

12. Plaintiff appealed Hartford's discontinuation.

13. By letter dated August 11, 2006, Hartford denied plaintiff's final appeal.

14. Plaintiff has complied with and exhausted all administrative appeals under the Plan.

## COUNT I

15. Under the terms of the Plan, a disabled participant is entitled to a monthly benefit equal to 60% of pre-disability earnings.

16. From December 20, 2002, plaintiff has been totally disabled within the meaning of the Plan.

17. From December 20, 2002, plaintiff has not worked and has had no earnings.

18. Hartford's determination that plaintiff is not totally disabled within the meaning of the Plan is contrary to the terms of the Plan, contrary to the medical evidence, unreasonable, and arbitrary and capricious.

19. Upon information and belief, Hartford has a conflict of interest.

20. Upon information and belief, Hartford's determination of plaintiff's claim for benefits was affected by its conflict of interest.

21. Under Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), plaintiff is entitled to recover disability benefits under the Plan that have not been paid to date and those that will become due in the future.

## COUNT II

22. Plaintiff repeats and realleges the allegations of paragraphs 1 through 21 above.

23. By reason of Hartford's failure to pay plaintiff long term disability benefits as due under the terms of the Plan, plaintiff has been forced to retain attorneys to recover such

benefits, for which plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and the costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

## JURY DEMAND

24. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands trial by jury of all issues so triable.

WHEREFORE, plaintiff demands judgment against Hartford:

A. For the amount of all long term disability benefits due under the terms of the Plan that have not been paid, together with interest thereon;

B. Clarifying and declaring that the Plan is obligated to pay plaintiff long term disability benefits in the future as required by the Plan;

C. For the costs of this action and plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. §1132(g); and

D. For such other and further relief as may be deemed just and proper by the Court.

Dated: New York, New York
       May 29, 2007

RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
60 East 42nd Street, Suite 2430
New York, New York 10165
(212) 297-0700

By: _____
      Scott M. Riemer (SR5005)