TROUTMAN SANDERS LLP
Christina H. Bost Seaton (CB-7667)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 704-6000
*Attorneys for Defendant*
*Hartford Life and Accident Insurance Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JULIE JACOBY,

                Plaintiff,

-against-

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,

                Defendant.

-----------------------------------------------------------------X

No.: 07 Civ. 4627 (LAK) (RLE)

**ANSWER TO COMPLAINT**

      Defendant Hartford Life and Accident Insurance Company ("Hartford"), by counsel, hereby sets forth the following as its Answer to the Complaint of Plaintiff Julie Jacoby ("Jacoby")"

      1.    In regard to the allegations of paragraph 1 of the Complaint, Hartford admits that Jacoby filed this action pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and is seeking to recover benefits under an employee welfare benefit plan, but states further that the Complaint speaks for itself. Hartford denies that Jacoby's claims have merit or that she is entitled to any of the relief sought.

      2.    In regard to the allegations of paragraph 2 of the Complaint, Hartford admits that this Court has jurisdiction over this matter, but states further that the

-1-

allegations of paragraph 2 state conclusions of law and to the extent they misstate the law in any manner, they are denied. Hartford also denies that Jacoby's claims have merit or that she is entitled to any relief.

3. In regard to the allegations of paragraph 3 of the Complaint, Hartford admits that venue is proper in this Court, but it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph.

4. In regard to the allegations of paragraph 4 of the Complaint, Hartford states that the "Plan" is an undefined term in the Complaint and therefore it is without knowledge or information sufficient to form a belief as to the truth of those allegations. Hartford admits, however, that Jacoby was a participant in an employee welfare benefit plan ("the Plan") which was funded by a group long term disability insurance policy issued by Hartford. Hartford assumes, however, that Plaintiff is referring to the welfare benefit plan maintained by Jacoby's employer and shall hereafter respond on the basis of that assumption.

5. The allegations of paragraph 5 of the Complaint state conclusions of law to which no response is required. To the extent the allegations misstate the law in any manner, they are denied.

6. The allegations of paragraph 6 of the Complaint refer to the terms of the Plan, which speak for themselves, and to the extent the allegations of paragraph 6 paraphrase or characterize the terms of the Plan, they are denied. Moreover, the allegations of paragraph 6 state conclusions of law, and to the extent they misstate the law in any manner, they are denied.

-2-

7. Hartford admits the allegations of paragraph 7 of the Complaint. However, it denies that Jacoby is entitled to any benefits under the Plan.

8. In regard to the allegations of paragraph 8 of the Complaint, Hartford admits that it has been reported that Jacoby was employed as an executive assistant. Hartford is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8.

9. In regard to the allegations of paragraph 9 of the Complaint, Hartford admits only that, through Jacoby's employment, she was eligible to participate in a group long term disability policy insured by Hartford and issued to GSCP (NJ) LP ("the Policy"). Hartford is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9.

10. Hartford denies the allegations of paragraph 10 of the Complaint.

11. In regard to the allegations of paragraph 11 of the Complaint, Hartford admits benefits were paid for a period of time and then were terminated by Hartford, but it denies the remaining allegations of said paragraph.

12. Hartford admits the allegations of paragraph 12 of the Complaint.

13. In regard to the allegations of paragraph 13 of the Complaint, Hartford admits Plaintiff's appeal was denied, but it denies the remaining allegations of said paragraph.

14. In regard to the allegations of paragraph 14 of the Complaint, Hartford admits that Jacoby appears to have exhausted her administrative remedies. All remaining allegations of paragraph 14 are denied.

15. In regard to the allegations of paragraph 15 of the Complaint, the Policy and Plan speak for themselves and to the extent the allegations paraphrase, misstate or mischaracterize the Policy or Plan language, the allegations are denied.

16. Hartford denies the allegations of paragraph 16 of the Complaint.

17. Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint.

18. Hartford denies the allegations of paragraph 18 of the Complaint.

19. Hartford denies the allegations of paragraph 19 of the Complaint.

20. Hartford denies the allegations of paragraph 20 of the Complaint.

21. Hartford denies the allegations of paragraph 21 of the Complaint.

22. Hartford reasserts all of its answers to paragraphs 1-21 of the Complaint as if they were set forth specifically and in detail herein.

23. Hartford denies the allegations of paragraph 23 of the Complaint.

24. Hartford denies the allegations of paragraph 24 of the Complaint.

25. In regard to the unnumbered paragraph beginning "WHEREFORE," Hartford denies that Jacoby's claims have merit or that she is entitled to the relief requested.

26. All allegations not expressly admitted are hereby denied.

27. Hartford denies that Plaintiff is entitled to a jury trial under ERISA and requests that the Jury Demand be stricken.

28. Jacoby's claim for benefits is barred because she does not meet the definition of Totally Disabled within the meaning of the Policy.

29. Under the terms of the Policy, Jacoby's claim for benefits, if valid, is subject to an offset against any amounts received by her from other sources, including, but not limited to, any disability benefits awarded by the Social Security Administration or other agency.

30. Pursuant to the plain terms of the Policy, Hartford appropriately reserved discretionary authority such that the Court should employ an abuse of discretion standard of review.

31. Hartford's decision to deny Jacoby's claim for benefits under the Policy was in accordance with the terms and conditions of the Policy; it was reasonable; and it was not an abuse of discretion.

32. Jacoby has failed to state a claim upon which relief may be granted.

33. The recovery herein, if any, is limited to the terms, conditions, limitations, exclusions and other provisions of the Policy.

34. Even if Jacoby is currently disabled and eligible for benefits under the terms of the Policy, which contention Defendant denies, such determination does not mean that Jacoby is entitled to unlimited future benefits under the Policy given, *inter alia*, the possibility of recovery, as well as the effect of different requirements, exclusions and/or limitations thereunder.

35. Hartford hereby reserves the right to add any additional defenses as investigation in this matter continues.

WHEREFORE, Hartford Life and Accident Insurance Company hereby requests that the Complaint be dismissed and that it be awarded its costs and attorney fees incurred herein.

Dated:     New York, New York
           July 27, 2007

                TROUTMAN SANDERS LLP

                By: /s/ Christina H. Bost Seaton
                Christina H. Bost Seaton (CB-7667)
                TROUTMAN SANDERS LLP
                The Chrysler Building
                405 Lexington Avenue
                New York, New York 10174
                (212) 704-6000

                David E. Constine, III (VSB No. 23223)
                *(pro hac vice application to be filed)*
                Troutman Sanders LLP
                P. O. Box 1122
                Richmond, Virginia 23218-1122
                (804) 697-1200
                FAX (804) 697-1339

                Attorneys for Defendant
                Hartford Life and Accident Insurance Company