

**MEMO ENDORSED**

RIEMER & ASSOCIATES LLC
ATTORNEYS AT LAW

60 east 42nd street suite 2430
new york, new york 10165
t 212 297 0700  f 212 297 0730
info@riemerlawfirm.com  www.riemerlawfirm.com

October 7, 2008

Hon. Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street, Room 1310
New York, NY 10007

Re: Jacoby v. Hartford Life and Accident Insurance Company
    07 Civ 4627 (LAK)(RLE)

Dear Judge Kaplan:

      We are counsel to plaintiff in the above-referenced action. We hereby seek the Court's permission to reopen limited discovery on the issue of conflict of interest in the above-referenced action. We have conferred with counsel for defendant, who has consented to the opening of limited conflict discovery. The parties are in the process of negotiating the parameters of the permitted discovery and hope that agreement could be reached. However, because a pretrial order has been entered in this case and the case is presently on the Court's trial calendar, we at this time seek the Court's approval of the re-opening of discovery and the removal of the case from the Court's trial calendar.

      By way of background, discovery was completed on February 12, 2008, without any requests for extension. The pretrial order was filed on March 12, 2008. Defendant filed a motion for summary judgment on March 11, 2008. The Court denied Hartford's motion by order dated September 24, 2008. The Court held that an issue of fact existed as to Hartford's conflict of interest.

      Good cause is established for additional discovery based on the Supreme Court's recent decision in *Metropolitan Life Ins. Co. v. Glenn*, 128 S.Ct. 2343 (2008). Prior to *Glenn*, discovery often was not allowed or severely limited, but this decision has now changed the landscape. *See also, Hogan-Cross v. Metropolitan Life Ins. Co.*, 2008 U.S. Dist. LEXIS 58027 (S.D.N.Y. July 31, 2008)(Kaplan, J)(permitting conflict of interest discovery in a post-*Glenn* case).

      Given the small chance that conflict would play any role in this case under the law of the Second Circuit prior to *Glenn* (see, e.g., *Sullivan v. LTV Aerospace and Defense Company*, 82 F.3d 1251, 1257 (2d Cir. 1996)), and the great costs involved in obtaining such discovery, plaintiff did not at that time pursue in-depth and costly discovery on the issue. *Glenn,*

however, has significantly changed both the law and the cost/benefit analysis in regard to discovery.

Accordingly, plaintiff respectfully requests that the Court permit the reopening of limited discovery. Plaintiff believes that all conflict discovery could be completed in two-three months.

Respectfully yours,

Scott M. Riemer

cc: David E. Constine, Esq.

Granted to the extent that the discovery and all subsequent deadlines are extended by 60 days.

SO ORDERED

LEWIS A. KAPLAN, USDJ