# EXHIBIT A

Order, dated November 3, 2008................................................................1

Letter from Riemer to Constine, dated November 6, 2008..................3

Stipulation and Order, dated November 17, 20008 ...........................4

Plaintiff's Request For Production of Documents, dated October 16, 2008 ........6

Second Set of Interrogatories by Plaintiff, dated October 16, 2008 ...............12

Letter of Troutman Sanders LLP, dated November 18, 2008................20

Hartford Objections to Plaintiff's Request for Production of Documents, dated November 18, 2008................21

Hartford Objections to Plaintiff's Second Set of Interrogatories, dated November 18, 2008................30

Plaintiff's Third Request for Production of Documents, dated November 17, 2008 ..........40

Hartford Objections to Plaintiff's Third Request for Production of Documents, dated December 16, 2008................44

Plaintiff's Notices of Depositions and Subpoenas for Medical Advisory Group, LLC, University Disability Consortium, P.C. and William Sniger................49

Plaintiff's Letter to MAG and Sniger, dated January 12, 2009 ...........71

Objections of MAG and Sniger, dated January 13, 2009 ...............73

Plaintiff's Letter to UDC, dated January 14, 2009 ................75

Email from Constine to Riemer, dated November 12, 2008................76

Email from Riemer to Constine, dated November 12, 2008................77

Email from Windsor to Riemer, dated November 14, 2008................78

Email from Constine to Riemer, dated November 19, 2008................79

Email from Riemer to Constine, dated December 4, 2008................80

Email from Riemer to Constine, dated December 17, 2008................81

Email from Constine to Riemer, dated December 19, 2008................82

Email from Constine to Riemer, dated December 30, 2008................83

Email from Riemer to Constine, dated December 30, 2008................84

Email from Constine to Riemer, dated December 30, 2008................85

Email from Riemer to Constine, dated January 8, 2009 ..........................................86

Email from Constine to Riemer, dated January 8, 2009 ..........................................87

Email from Riemer to Constine, dated January 12, 2009 ....................................88

**MEMO ENDORSED**

**RIEMER**
**& ASSOCIATES** LLC
A T T O R N E Y S    A T    L A W

'Y
∴ENT
⋅⋅  ᴿᴰ ⁱ'⋅  ᵀALLY FILED

62 east 42nd street   suite 2430
new york  new york 10165
t 212 297 0700   f 212 297 0730   ⁱ ˡᴸ' ⁴'
nfo@riemerlawfim.com   w.a.⋅ ᵂᵃᴬᴾᵉⁱ ᵉᴵᴵ⁴ᴱᵂ ⁴: 11/3/08

October 7, 2008

Hon. Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street, Room 1310
New York, NY 10007

OCT 1 0 2008

Re:    Jacoby v. Hartford Life and Accident Insurance Company
       07 Civ 4627 (LAK)(RLE)

Dear Judge Kaplan:

We are counsel to plaintiff in the above-referenced action. We hereby seek the Court's permission to reopen limited discovery on the issue of conflict of interest in the above-referenced action. We have conferred with counsel for defendant, who has consented to the opening of limited conflict discovery. The parties are in the process of negotiating the parameters of the permitted discovery and hope that agreement could be reached. However, because a pretrial order has been entered in this case and the case is presently on the Court's trial calendar, we at this time seek the Court's approval of the re-opening of discovery and the removal of the case from the Court's trial calendar.

By way of background, discovery was completed on February 12, 2008, without any requests for extension. The pretrial order was filed on March 12, 2008. Defendant filed a motion for summary judgment on March 11, 2008. The Court denied Hartford's motion by order dated September 24, 2008. The Court held that an issue of fact existed as to Hartford's conflict of interest.

Good cause is established for additional discovery based on the Supreme Court's recent decision in *Metropolitan Life Ins. Co. v. Glenn*, 128 S.Ct. 2343 (2008). Prior to *Glenn*, discovery often was not allowed or severely limited, but this decision has now changed the landscape. *See also, Hogan-Cross v. Metropolitan Life Ins. Co.*, 2008 U.S. Dist. LEXIS 58027 (S.D.N.Y. July 31, 2008)(Kaplan, J)(permitting conflict of interest discovery in a post-*Glenn* case).

Given the small chance that conflict would play any role in this case under the law of the Second Circuit prior to *Glenn* (*see, e.g., Sullivan v. LTV Aerospace and Defense Company*, 82 F.3d 1251, 1257 (2d Cir. 1996)), and the great costs involved in obtaining such discovery, plaintiff did not at that time pursue in-depth and costly discovery on the issue. *Glenn*,

EXHIBIT A (1)

however, has significantly changed both the law and the cost/benefit analysis in regard to discovery.

Accordingly, plaintiff respectfully requests that the Court permit the reopening of limited discovery. Plaintiff believes that all conflict discovery could be completed in two-three months.

Respectfully yours,

Scott M. Riemer

cc:    David E. Constine, Esq.

*[handwritten judicial annotation: Granted to the extent that the discovery and all subsequent deadlines are extended by 60 days.]*

SO ORDERED

LEWIS A. KAPLAN, USDJ

EXHIBIT A (2)



60 east 42nd street    suite 2430
new york, new york 10165
t: 212.297.0700    f: 212 297.0730
info@riemerlawfirm.com    www.riemerlaw.com

November 6, 2008

David E. Constine, III, Esq.
Troutman Sanders LLP
1001 Haxall Point
P.O. Box 1122
Richmond VA  23218-1122

> Re:    Jacoby v. Hartford
>        07 CV 4627 (LAK)(RLE)

Dear David:

Now that Judge Kaplan has agreed to open discovery through January 2, 2009, I would like to move things along. Please let me know as soon as possible as to when we could expect responses to the document demands and interrogatories dated October 16, 2008.

Also, we would like to take the depositions of Dr. Jonathan Peter Strang of University Disability Consortium and his counterpart at Medical Advisory Group in or about early December. Please let us know what dates are best for you. If necessary, we could take those depositions at my co-counsel's office in Boston.

It is our position that UDC and MAG (and their employees) are within Hartford's control because Hartford has agreements with both companies requiring their cooperation in Hartford's litigations. Please let us know as soon as possible if you will not voluntarily produce these witnesses, so that we could take appropriate action.

If you have any questions, please do not hesitate to give me a call.

Sincerely yours,

Scott M. Riemer

cc. Jonathan Feigenbaum, Esq.

EXHIBIT A (3)



KAPLAN, J

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED #: 11/17/08

TROUTMAN SANDERS LLP
Christina H. Bost Seaton (CB-7860)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 704-6000
*Attorneys for Defendant*
*Hartford Life and Accident Insurance Company*

ECEIVE
NOV 1 7 2008
JUDGE KAPLAN'S CHAMBERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                :
JULIE JACOBY,                                   :
                                                :    No.: 07 Civ. 4627 (LAK) (RLE)
                        Plaintiff,              :
                                                :    **STIPULATION TO**
            -against-                           :    **EXTEND DEADLINES**
                                                :
HARTFORD LIFE AND ACCIDENT INSURANCE :
COMPANY,                                        :
                        Defendant.              :
                                                :
-----------------------------------------------------------X

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned,

the attorneys of record for all parties to the above entitled action all deadlines in this case

shall be extended by an additional thirty (30) days.

This is the second such extension, as the Court, in its Order dated November 3,

2008, extended all deadlines in this case by sixty (60) days, for the limited purpose of

reopening discovery on the conflict of interest issue.

This Stipulation may be executed in one or more counterparts, and by the

different parties hereto in separate counterparts, each of which when executed shall be

deemed to be an original but all of which taken together shall constitute one and the same

Stipulation.

-1-

EXHIBIT A (4)

Facsimile signatures are deemed to be originals for the purposes of this

Stipulation.

Dated: New York, New York
       November 14, 2008

RIEMER & ASSOCIATES LLC                    TROUTMAN SANDERS LLP


By: _Scott M. Riemer/kf_                   By: _Christina N. Bost Seaton/kf_
Scott M. Riemer (SR-5005)                  Christina H. Bost Seaton (CB-7667)
RIEMER & ASSOCIATES LLC                    TROUTMAN SANDERS LLP
60 East 42nd Street, Suite 2430            The Chrysler Building
New York, New York 10165                   405 Lexington Avenue
(212) 297-0700                             New York, New York 10174
                                           (212) 704-6000

Attorneys for Plaintiff                    Attorneys for Defendant
Julie Jacoby                               Hartford Life and Accident
                                           Insurance Company


SO ORDERED:

_____
                        U.S.D.J.

    1/7/08

-2-

EXHIBIT A (5)

RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
Office and Post Office Address
60 East 42nd Street, Suite 2430
New York, New York 10165
(212) 297-0700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JULIE JACOBY

           Plaintiff,

-against-

HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY

           Defendant.
-------------------------------------------------------------------X

07 Civ 4627 (LAK)(RLE)

PLAINTIFF'S REQUEST
FOR PRODUCTION
OF DOCUMENTS

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. Rule 34, Plaintiff

requests that defendant produce the following writings and things within the possession, custody

or control of defendant, its representatives, agents, employees or attorneys for inspection and

copying at the offices of Riemer & Associates LLC, 60 East 42nd Street, Suite 2430, New York,

New York 10165, on or before November 21, 2008, at 10:00 a.m.

## Definitions and Instructions

A.      This request is governed by and incorporates by reference Rule 26.3 of

the Civil Rules of the Southern District of New York.

B.      The term "document" has the broadest meaning allowable under Fed.

R. Civ. P. Rule 34(a) and Rule 26.3 of the Civil Rules of the Southern District of New York.

# EXHIBIT A (6)

C.   "Hartford" means defendant Hartford Life and Accident Insurance Company, its committees, its predecessors, successors, parents or subsidiaries, affiliates, or segments or divisions, and its present or former employees, agents, attorneys, accountants, officers, directors, trustees, or trustees in bankruptcy.

D.   "Communication" means any correspondence, contact, discussion or exchange between any two or more persons or entities. Without limiting the foregoing, "communication" includes all documents, telephone conversations, e-mail, or face-to-face conversations, meetings and conferences.

E.   "Plan" means GSCP (NJ) LP Long Term Disability Plan and any policy funding or forming a part thereof, its predecessors, successors, parents or subsidiaries, affiliates, or segments or divisions, and its present or former employees, agents, attorneys, accountants, officers, directors, trustees, or trustees in bankruptcy.

G.   Terms in the plural include the singular and terms in the singular include the plural. "And" includes the word "or" and "or" includes the word "and." "All" includes the word "any" and "any" includes the word "all". The use of one gender shall include the other as appropriate in the context.

H.   In responding to this request, you are expected to comply with Local Rule 26.2 for each document responsive to this request withheld pursuant to a claim of privilege or work product.

I.   These document requests are to be deemed to be continuing.

J.   Unless otherwise specified, the relevant time period of this request is January 1, 2002 to present.

EXHIBIT A (7)

## Documents Requested

1.       All documents (including without limitation any computer or on-line based document) that evidence, record, reflect or refer to internal rules, regulations, guidelines, or training manuals in effect from January 1, 2002 to the present, with respect to: (a) the handling, processing and administration of long term disability claims; (b) the handling, processing and administration of appeals; (c) the definition of disability; (d) the hiring, retaining or commission of video surveillance; (e) the hiring, retaining or commissioning of outside medical or vocational professionals to perform physical examinations, functional capacity evaluations and/or document reviews; (f) disabilities caused by chronic fatigue syndrome, fibromyalgia, and/or cognitive deficits.

2.       All documents that evidence, record, reflect or refer to contracts and correspondence with (including without limitation emails and Lotus Notes), payments to, and the notes, reports and raw data of, any in-house or outside professional(s) who conducted with respect to plaintiff: (a) a physical examination; (b) a functional capacity evaluation; (c) medical document review; (d) vocational or occupational study; (e) rehabilitation study; and/or (f) any other review or study.

3.       All documents that evidence, record, reflect or refer to the curriculum vitae of any in-house or outside professional who conducted an examination, review or study with respect to plaintiff.

4.       A copy of the file, and all documents contained therein, maintained by any inside or outside professional with respect to plaintiff and/or her claim for benefits.

5.       All documents that evidence, record, reflect or refer to: (a) the services agreement (the "Services Agreement") by and between Hartford and any other firm (the "Third

EXHIBIT A (8)

Party Firm") that arranged a third-party examination, review and/or study with respect to plaintiff; (b) marketing, promotional and/or sales documents of the Third Party Firm; (c) the bidding and/or negotiations preceding the Services Agreement and any renewal of the Services Agreement; (d) reports ("Reports") of the Third Party Firm sent to Hartford during the years 2005 through 2008, including without limitation, those pertaining to performance reviews; claim administration; satisfaction of goals and objectives; effectiveness; turnaround time; profitability; utilization; the number of reviews performed; and the number of claims denied and/or granted; and (e) correspondence, notes, memorandums, emails, or documents of any kind, of Hartford pertaining to or responding to the Reports.

6.      All documents that evidence, record, reflect or refer to the organizational structure maintained by Hartford and/or the Plan with respect to claims and/or appeals.

7.      Any documents that evidence, record, reflect or refer to financial reports of Hartford demonstrating the assets, liabilities, profits and losses for the years 2005, 2006 and 2007.

8.      All documents that evidence, record, reflect or refer to estimates and/or calculations and/or projections of the cost of plaintiff's claim and benefits, or to the amount or calculation of reserves on plaintiff's claim.

9.      All documents that evidence, record, reflect or refer to the underwriting file and its contents with respect to the group policy issued to the Plan Sponsor, including without limitation, any marketing materials sent to the Plan Sponsor.

10.     All documents that evidence, record, reflect or refer to any active steps taken by Hartford, or any employee, agent or consultant of Hartford, to reduce potential bias and/or promote accuracy, including without limitation: (a) walling off claims administrators from

EXHIBIT A (9)

those interested in firm finances; (b) imposing management checks that penalize inaccurate

decisionmaking irrespective of whom the inaccuracy benefits; (c) creating interdepartment

information walls; (d) creating incentives to reward claims processors for their accuracy; and/or

(e) creating internal controls as a method of producing administrative accuracy.

11.     The personnel or employment files for each employee of Hartford who

was involved in plaintiff's claim and/or appeal, including without limitation all performance

evaluations and/or reviews for the years 2005 to 2007.

12.     Hartford's written criteria or standards for employee compensation,

bonuses and awards.

Dated: New York, New York
       October 16, 2008

                          RIEMER & ASSOCIATES LLC
                          Attorneys for Plaintiff
                          60 East 42nd Street, Suite 2430
                          New York, New York 10165
                          (212) 297-0700

                          By: _____
                              Scott M. Riemer (SR5005)

TO:    David E. Constine, III, Esq.
       Troutman Sanders LLP
       1001 Haxall Point
       P.O. Box 1122
       Richmond VA 23218-1122

EXHIBIT A (10)

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for Plaintiff and that on October 16, 2008, I caused to be served by first class mail a true and correct copy of PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS to the following:

David E. Constine, III, Esq.
Troutman Sanders LLP
1001 Haxall Point
P.O. Box 1122
Richmond VA 23218-1122

Dated: New York, New York
        October 16, 2008

SCOTT M. RIEMER (SR5005)
60 East 42nd Street, Suite 2430
New York, New York 10165
(212) 297-0700

EXHIBIT A (11)

RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
Office and Post Office Address
60 East 42nd Street, Suite 2430
New York, New York 10165
(212) 297-0700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JULIE JACOBY,                                                    07 CIV 4627 (LAK)(RLE)

                         Plaintiff,                    SECOND SET OF
                                                       INTERROGATORIES
        -against-                                      BY PLAINTIFF

HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY,

                         Defendants.
-------------------------------------------------------------------X

        PLEASE TAKE NOTICE that Plaintiff, by her attorneys, Riemer & Associates

LLC, hereby requests that defendant respond to the interrogatories set forth below in accordance

with Rule 33, Federal Rules of Civil Procedure and Rule 33.3 of the Civil Rules of the Southern

District of New York.

## Definitions and Instructions

        A.      This request is governed by and incorporates by reference Rule 26.3 of the

Civil Rules of the Southern District of New York.

        B.      The term "document" has the broadest meaning allowable under Fed. R.

Civ. P. Rule 34(a) and Rule 26.3 of the Civil Rules of the Southern District of New York.

        C.      The term "identify" has the broadest meaning allowable under Rule 26.3

of the Civil Rules of the Southern District of New York.

EXHIBIT A (12)

D.    "Hartford" means Hartford Life and Accident Insurance Company, its predecessors, successors, parents or subsidiaries, affiliates, or segments, or committees, and its present or former employees, agents, attorneys, accountants, officers, directors, trustees, or trustees in bankruptcy.

E.    "Communication" means any correspondence, contact, discussion or exchange between any two or more persons or entities. Without limiting the foregoing, "communication" includes all documents, telephone conversations or face-to-face conversations, meetings and conferences.

F.    "Plan" means GSCP (NJ) LP Long Term Disability Plan and any policies funding or forming a part thereof, its predecessors, successors, parents or subsidiaries, affiliates, or segments, divisions or committees, and its present or former employees, agents, attorneys, accountants, officers, directors, trustees, or trustees in bankruptcy.

G.    If an Interrogatory may be answered by production of a document, please append the responsive document to your answer.

H.    If an Interrogatory pertains to a document which at some time existed but no longer exists, then in response to that interrogatory, state what information was contained in the document; the time period during which it was maintained; and the custodian or custodians of the document during its period of existence.

I.    If an Interrogatory seeks the identification of a natural person, and the individual so identified is not a party, set forth with particularity that persons' name, last known home or business address and last known home or business telephone number.

J.    If an Interrogatory seeks identification of a business entity, set forth with particularity its name, last known telephone number, and last known mailing address.

EXHIBIT A (13)

K.    If an Interrogatory seeks identification of a communication, please state the date of the communication, the parties to the communication, and the mode of communication, and provide a synopsis of the contents of the communication.

L.    Terms in the plural include the singular and terms in the singular include the plural. "And" includes the word "or" and "or" includes the word "and." "All" includes the word "any" and "any" includes the word "all". The use of one gender shall include the other as appropriate in the context.

M.    In responding to this request, you are expected to comply with Local Rule 26.2 for each document responsive to this request withheld pursuant to a claim of privilege or work product.

N.    These interrogatories are to be deemed to be continuing.

O.    Unless otherwise specified, the relevant time period of this request is January 1, 2002 to present.

### Interrogatories

1.    Identify and describe all forms of compensation, including without limitation, any financial incentives, bonuses, commissions or other monetary awards for the years 2006 and 2007 for all individuals who worked on plaintiff's claim and/or appeal, including but not limited to the following individuals: Lisa M. Bice, Brenda M. Boulton, Jamie Brostek, Shannon M. Butler, Erik Cherchio, Johanna C. Cobb, William T. Conklin, Stephen I. Craver, Paul Crosby, April M. Dameron, Laurie B. Ellis, Christina M. Fleicher, Sarah C. Frankowski, Edna R. Golych, Courtney S. Grosvenor, Theresa A. Habeeb, Jill A. Hierholzer, Lisa S. Housley,

Shannon M. Meyer, Troy C. Murray, Fawn T. Nicita, Thomas C. Payne, Annette L. Rice, Tina M. Sekorski, Jacqueline C. Siver, Kelly L. Slade, Christopher Volo, and Fern E. Wool. As to each, state the amount of compensation and the criteria for the award.

2.      Identify the grounds for performance evaluation, promotion, demotion and/or layoff/termination decisions with respect to any individual or entity identified in response to Interrogatory 1. Please attach all performance appraisals for 2005, 2006 and 2007.for each of the following individuals: Shannon M. Butler, Johanna C. Cobb, William T. Conklin, Stephen J. Craven, Paul Crosby, Laurie B. Ellis, Christina M. Fleicher, Edna R. Golych, Annette L. Rice, Christopher Volo.

3.      If Hartford contends that it does not have a conflict between its obligations under ERISA and its profit-maximizing motive as a business, state all facts on which Hartford relies for such contention.

4.      If Hartford contends that any conflict between its ERISA obligations and its profit-maximizing motive as a business is *de minimis* or did not taint any decision issued in this claim, state all facts on which it relies for such contention, identify all persons with knowledge of such facts and state the substance of the facts known by each.

5.      Identify what procedures, if any, Hartford has in place to comply with its fiduciary obligations under 29 C.F.R. 2560.503-1(b)(5) to treat similarly situated claimants "consistently."

6.      For each third-party medical or vocational professional who conducted an examination, review or study with respect to plaintiff, please state: (a) the number of times that such professional was retained, hired or otherwise utilized by Hartford (either directly or through one of its consulting firms or agents) to conduct an examination, review or study with respect to

Hartford's insureds and/or claimants in each of 2005 through 2007; (b) the percentage of total professional time in each of 2005 through 2007 that each such third-party medical or vocational professional spent performing examinations, reviews or studies as opposed to treating patients; (c) the percentage of total compensation in each of 2005 through 2007 that each such third-party medical or vocational professional derived from performing examinations, reviews or studies on behalf of Hartford.

7.    With respect to each third-party professional listed in response to Interrogatory 6, list all of the different types of injuries and/or illnesses suffered by insureds and/or claimants for which each such professional performed one or more examinations, reviews or studies in each of 2005 through 2007.

8.    If any of the examinations, reviews and/or studies conducted by the third-party professionals listed in response to Interrogatory 6 was arranged by some entity other than Hartford, please state: (a) the number of times that such other entity arranged examinations, reviews and/or studies on behalf of Hartford in each of 2005 through 2007; (b) the total amount that Hartford paid to such entity in each of 2005 through 2007.

9.    Please identify the individual(s) at Hartford who have responsibility to monitor the entities identified in response to Interrogatory 6, including without limitation, that entities' performance, utilization, quality control, profitability and/or contractual duties and obligations. With respect to each such individual state that person's: (a) name; (b) current job title; (c) all previous job titles and the dates that person held each job title listed; (d) qualifications (which includes, but is not limited to, education and training, degrees, certifications, board certifications, diplomas, and certificates); (e) duties and functions performed (f) the name of their direct supervisor for the years 2005 through 2007; and (g) the name of their

direct reports for the years 2005 through 2007. Please attach the curriculum vitae of any medical professional or occupational consultant identified.

10.    Identify all active steps taken by Hartford, or any employee, agent or consultant of Hartford, to reduce potential bias and/or promote accuracy, including without limitation: (a) walling off claims administrators from those interested in firm finances; (b) imposing management checks that penalize inaccurate decisionmaking irrespective of whom the inaccuracy benefits; (c) creating interdepartment information walls; (d) creating incentives to reward claims processors for their accuracy; and/or (e) creating internal controls as a method of producing administrative accuracy.

11.    Please state: (a) the manner in which premiums were paid for plaintiff's long term disability coverage and the amount of the premium paid by the plaintiff; and (b) the amount of monthly benefits--on a month-to-month basis--to which plaintiff would be entitled if plaintiff prevails in this action.

12.    Please state the amount of the reserve placed on plaintiff's claim.

13.    Identify each and every computer database utilized by Hartford and any affiliated entity for the years during which plaintiff's claim was pending, through and including the year in which any adverse benefit determination was made on plaintiff's claim.

14.    Identify the name and title of the person or persons answering these interrogatories.

EXHIBIT A (17)

Dated: New York, New York
      October 16, 2008

                     RIEMER & ASSOCIATES LLC
                     Attorneys for Plaintiff
                     60 East 42nd Street, Suite 2430
                     New York, New York  10165
                     (212) 297-0700

                     By: _____
                         Scott M. Riemer (SR5005)

TO:    David E. Constine, III, Esq.
        Troutman Sanders LLP
        1001 Haxall Point
        P.O. Box 1122
        Richmond VA  23218-1122

EXHIBIT A (18)

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for Plaintiff and that on October 16, 2008, I caused to be served by first class mail a true and correct copy of SECOND SET OF INTERROGATORIES BY PLAINTIFF to the following:

TO:    David E. Constine, III, Esq.
       Troutman Sanders LLP
       1001 Haxall Point
       P.O. Box 1122
       Richmond VA  23218-1122

Dated: New York, New York
       October 16, 2008

SCOTT M. RIEMER (SR5005)
60 East 42nd Street, Suite 2430
New York, New York  10165
(212) 297-0700

EXHIBIT A (19)

# TROUTMAN SANDERS LLP

A T T O R N E Y S   A T   L A W
A LIMITED LIABILITY PARTNERSHIP

TROUTMAN SANDERS BUILDING
1001 HAXALL POINT
RICHMOND, VIRGINIA 23219
www.troutmansanders.com
TELEPHONE: 804-697-1200
FACSIMILE: 804-697-1339

MAILING ADDRESS
P.O. BOX 1122
RICHMOND, VIRGINIA 23218-1122

David E. Constine, III
david.constine@troutmansanders.com

Direct Dial: 804-697-1258
Direct Fax: 804-698-5131

November 18, 2008

Scott M. Riemer, Esq.
Riemer & Associates, LLC
60 East 42nd Street, Suite 2430
New York, New York 10165
Phone: 212-297-0700

> Re:   *Julie Jacoby v. Hartford Life and Accident Insurance Company*
>        No. 07 Civ. 4627 (LAK) (RLE)

Dear Scott:

Enclosed are Hartford's Objections to Ms. Jacoby's Second Set of Interrogatories
and Requests for Production of Documents. Although we have only provided you with our
Objections at this time, we do intend to provide substantive responses to the following
Interrogatories: 1, 3, 4, 5, 6, 8, 9, 10, 11, and 12. We will also provide documents responsive to
the following document requests: 1, 2, 3, 5, 6, 7, 10, 11, and 12. We are in the process of
compiling the responsive materials and hope to have them to you by sometime next week or at
the latest the week thereafter.

If you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

David E. Constine, III

ATLANTA · HONG KONG · LONDON · NEW YORK · NEWARK · NORFOLK · RALEIGH
RICHMOND · SHANGHAI · TYSONS CORNER · VIRGINIA BEACH · WASHINGTON, D.C.

EXHIBIT A (20)

TROUTMAN SANDERS LLP
Christina H. Bost Seaton (CB-7667)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 704-6000
*Attorneys for Defendant*
*Hartford Life and Accident Insurance Company*


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
                                      :

JULIE JACOBY,                          :    **No.: 07 Civ. 4627 (LAK) (RLE)**

                                        :

                Plaintiff,             :

                                          :

           -against-              :

                                          :

HARTFORD LIFE AND ACCIDENT INSURANCE    :
COMPANY,
                                          :
                Defendant.          :

                                          :
-----------------------------------------------------------------------X

## OBJECTIONS OF DEFENDANT HARTFORD LIFE AND
## ACCIDENT INSURANCE COMPANY TO PLAINTIFF'S
## REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Hartford Life and Accident Insurance Company ("Hartford"), by counsel,

hereby sets forth the following as its Objections to the Requests for Production of Plaintiff.

### GENERAL OBJECTIONS

1.      Hartford objects to any Request to the extent it seeks documents protected by the

attorney-client privilege, work product doctrine or any other privilege recognized at law.

Pursuant to this objection, Hartford will not produce any documents that require it to provide the

substance of any privileged attorney-client communication or reveal any information protected

by the work product doctrine.

EXHIBIT A (21)

2.     Hartford objects to the "Definitions and Instructions" to the extent they attempt to impose obligations on it beyond those provided by the Federal Rules of Civil Procedure or Local Rules.

### SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION OF DOCUMENTS

1.     Request No. 1: All documents (including without limitation any computer or on-line base document) that evidence, record, reflect or refer to internal rules, regulations, guidelines, or training manuals in effect from January 1, 2002 to the present, with respect to: (a) the handling, processing and administration of long term disability claims; (b) the handling, processing and administration of appeals; (c) the definition of disability; (d) the hiring, retaining or commission of video surveillance; (e) the hiring, retaining or commissioning of outside medical or vocational professionals to perform physical examinations, functional capacity evaluations and/or document reviews; (f) disabilities caused by chronic fatigue syndrome, fibromyalgia, and/or cognitive deficits.

**Objection:** Hartford objects to Request No. 1 that it is overly broad, unduly burdensome and seeks documents which are beyond the permissible scope of discovery insofar as they are not reasonably calculated to lead to the discovery of admissible evidence. To the extent Plaintiff requests "all documents" that refer to rules, regulations, guidelines and training manuals, this Request places a virtually impossible burden on Hartford.

2.     Request No. 2: All documents that evidence, record, reflect or refer to contracts and correspondence with (including without limitation emails and Lotus Notes), payments to, and the notes, reports and raw data of, any in-house or outside professional(s) who conducted with respect to plaintiff: (a) a physical examination; (b) a functional capacity evaluation; (c)

EXHIBIT A (22)

medical document review; (d) vocational or occupational study; (e) rehabilitation study; and/or (f) any other review or study.

**Objection:** Hartford objects to Request No. 2 on the grounds it is overly broad, unduly burdensome and seeks documents which are beyond the permissible scope of discovery insofar as they are not reasonable calculated to lead to the discovery of admissible evidence. This Request is not limited in time nor is it limited in subject matter. This Request, in effect, seeks all documents that relate to any in-house or outside professionals who conducted any evaluation of Plaintiff. In addition to seeking documents which are not within the possession, custody or control of Hartford as it relates to "outside professionals," this Request places a virtually impossible burden on Hartford.

3.    Request No. 3: All documents that evidence, record, reflect or refer to the curriculum vitae of any in-house or outside professional who conducted an examination, review or study with respect to plaintiff.

**Objection:** Hartford objects to Request No. 3 to the extent it seeks "all documents" that refer to the curriculum vitae of any in-house or outside professional who conducted an examination, review or study of Plaintiff.

4.    Request No. 4: A copy of the file, and all documents contained therein, maintained by any inside or outside professional with respect to plaintiff and/or her claim for benefits.

EXHIBIT A (23)

**Objection:** Hartford objects to Request No. 4 to the extent it seeks documents which are not in its possession, custody or control. Hartford does not retain or have within its possession, custody or control the file and all documents maintained by outside professionals who reviewed Plaintiff's claim. In addition, this Request does not seek information relative to the conflict of interest issue.

5.    Request No. 5: All documents that evidence, record, reflect or refer to: (a) the services agreement (the "Services Agreement") by and between Hartford and any other firm (the "Third Party Firm") that arranged a third-party examination, review and/or study with respect to plaintiff; (b) marketing, promotional and/or sales documents of the Third Party Firm; (c) the bidding and/or negotiations preceding the Services Agreement and any renewal of the Services Agreement; (d) reports ("Reports") of the Third Party Firm sent to Hartford during the years 2005 through 2008, including without limitation, those pertaining to performance reviews; claim administration; satisfaction of goals and objectives; effectiveness; turnaround time; profitability; utilization; the number of reviews performed; and the number of claims denied and/or granted; and (e) correspondence, notes, memorandum, emails, or documents of any kind, of Hartford pertaining to or responding to the Reports.

**Objection:** Hartford objects to Request No. 5 on the grounds that is overly broad, unduly burdensome and seeks information which is beyond the permissible scope of discovery insofar as it is not reasonably calculated to lead to the discovery of admissible evidence. In addition, particularly with respect to sub-paragraph (b), this Request seeks documents which are outside the possession, custody and control of Hartford.

6.    Request No. 6: All documents that evidence, record, reflect or refer to the organizational structure maintained by Hartford and/or the Plan with respect to claims and/or appeals.

**Objection:** Hartford objects to Request No. 6 on the grounds that it is overly broad, unduly burdensome and seeks information which is beyond the permissible scope of discovery insofar as it is not reasonably calculated to lead to the discovery of admissible evidence. In addition, the Request is vague and ambiguous.

7.    Request No. 7: Any documents that evidence, record, reflect or refer to financial reports of Hartford demonstrating the assets, liabilities, profits and losses for the years 2005, 2006 and 2007.

**Objection:** Hartford objects to Request No. 7 on the grounds that it is overly broad, unduly burdensome and seeks information which is beyond the permissible scope of discovery insofar as it is not reasonably calculated to lead to the discovery of admissible evidence. To the extent that the Request seeks all documents that reflect or refer to the financial reports of Hartford from 2005-2007, it imposes an impossibly heavy burden.

8.    Request No. 8: All documents that evidence, record, reflect or refer to estimates and/or calculations and/or projections of the cost of plaintiff's claim and benefits, or to the amount or calculation of reserves on plaintiff's claim.

**Objection:** Hartford objects to Request No. 8 because the calculation of reserves has no bearing on the conflict of interest issue.

EXHIBIT A (25)

9.      Request No. 9: All documents that evidence, record, reflect or refer to the underwriting file and its contents with respect to the group policy issued to the Plan Sponsor, including without limitation, any marketing materials sent to the Plan Sponsor.

**Objection:** Hartford objects to Request No. 9 on the grounds that it is overly broad, unduly burdensome and seeks information which is beyond the permissible scope of discovery insofar as it is not reasonably calculated to lead to the discovery of admissible evidence. In addition, Request No. 9 does not seek to obtain information which bears on the conflict of interest issue.

10.     Request No. 10: All documents that evidence, record, reflect or refer to any active steps taken by Hartford, or any employee, agent or consultant of Hartford, to reduce potential bias and/or promote accuracy, including without limitation: (a) walling off claims administrators from those interested in firm finances; (b) imposing management checks that penalize inaccurate decision making irrespective of whom the inaccuracy benefits; (c) creating interdepartment information walls; (d) creating incentives to reward claims processors for the accuracy; and/or (e) creating internal controls as a method of producing administrative accuracy.

**Objection:** Hartford objects to Request No. 10 to the extent it seeks "all documents" and has no temporal limitations. To that extent, this Request is overly broad, unduly burdensome and seeks information not reasonably calculated to lead to the discovery of admissible evidence.

EXHIBIT A (26)

11.    Request No. 11: The personnel or employment files for each employee of

Hartford who was involved in plaintiff's claim and/or appeal, including without limitation all

performance evaluations and/or reviews for the years 2005 to 2007.

**Objection:** Hartford objects to Request No. 11 on the grounds that it is overly broad,

unduly burdensome and seeks information which is the beyond the permissible scope of

discovery insofar as it is not reasonably calculated to lead to the discovery of admissible

evidence. This Request embodies the paradigm fishing expedition and seeks to invade the

privacy interests of Hartford employees.

12.    Request No. 12: Hartford's written criteria or standards for employee compensation,

bonuses and awards.

**Objection:** Hartford objects to Request No. 12 on the grounds that it is overly broad,

unduly burdensome and seeks information which is beyond the permissible scope of discovery

insofar as it is not reasonably calculated to lead to the discovery of admissible evidence. This

Request is not limited in scope nor time, nor is it limited to the Hartford entity at issue. This

Request has no bearing on the conflict of interest issue which is the focus of discovery.

Dated:       November 8, 2008

TROUTMAN SANDERS LLP

By:    _____
Christina H. Bost Seaton (CB-7667)
TROUTMAN SANDERS LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 704-6000

David E. Constine, III (VSB No. 23223)
Admitted *pro hac vice*
Troutman Sanders LLP
P. O. Box 1122
Richmond, Virginia  23218-1122
(804) 697-1200
FAX (804) 697-1339

Attorneys for Defendant
Hartford Life and Accident Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for Defendant and that on November 18, 2008, I cause to be served by first class mail a true and correct copy of Responses to discovery by Defendant to the following:

TO:
Scott M. Riemer
60 East 42nd Street
Suite 2430
New York, NY 10165

Dated: November 18, 2008

David E. Constine, III (VSB No. 23223)
Admitted *pro hac vice*
Troutman Sanders LLP
P. O. Box 1122
Richmond, Virginia  23218-1122
(804) 697-1200
FAX (804) 697-1339

#1783836V2

EXHIBIT A (29)

TROUTMAN SANDERS LLP
Christina H. Bost Seaton (CB-7667)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 704-6000
*Attorneys for Defendant*
*Hartford Life and Accident Insurance Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                          :
JULIE JACOBY,                                             :    **No.: 07 Civ. 4627 (LAK) (RLE)**
                                                          :
                    Plaintiff,                            :
                                                          :
        -against-                                         :
                                                          :
HARTFORD LIFE AND ACCIDENT INSURANCE                      :
COMPANY,                                                  :
                    Defendant.                            :
                                                          :
-----------------------------------------------------------------------X

**OBJECTIONS OF HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

        Defendant Hartford Life and Accident Insurance Company ("Hartford"), by counsel,

hereby sets forth the following as its Objections to the Second Set of Interrogatories of Plaintiff.

**GENERAL OBJECTIONS**

        1.    Hartford objects to any Interrogatory to the extent it seeks information protected

by the attorney-client privilege, work product doctrine or any other privilege recognized at law.

Pursuant to this objection, Hartford will not answer any Interrogatory that requires it to provide

the substance of any privileged attorney-client communication or reveal any information

protected by the work product doctrine.

EXHIBIT A (30)

2.     Hartford objects to the "Definitions and Instructions" to the extent they attempt to impose obligations on it beyond those provided by the Federal Rules of Civil Procedure or Local Rules.

SPECIFIC OBJECTIONS TO INTERROGATORIES

1.     <u>Interrogatory No. 1</u>: Identify and describe all forms of compensation, including without limitation, any financial incentives, bonuses, commissions or other monetary awards for the years 2006 and 2007 for all individuals who worked on plaintiff's claim and/or appeal, including but not limited to the following individuals: Lisa M. Bice, Brenda M. Boulton, Jamie Brostek, Shannon M. Butler, Erik Cherchio, Johanna C. Cobb, William T. Conklin, Stephen I. Craver, Paul Crosby, April M. Dameron, Laurie B. Ellis, Christina M. Fleicher, Sarah C. Frankowski, Edna R. Golych, Courtney S. Grosvenor, Theresa A. Habeeb, Jill A. Hierholzer, Lisa S. Housley, Shannon M. Meyer, Troy C. Murray, Fawn T. Nicita, Thomas C. Payne, Annette L. Rice, Tina M. Sekorski, Jacqueline C. Siver, Kelly L. Slade, Christopher Volo, and Fern E. Wool. As to each, state the amount of compensation and the criteria for the award.

**Objection**: Hartford objects to Interrogatory No. 1 on the grounds that it is overly broad, unduly burdensome and seeks information which is beyond the permissible scope of discovery insofar as it not reasonably calculated to lead to the discovery of admissible evidence. To the extent that Plaintiff seeks information concerning "all forms of compensation" paid to the referenced individuals, she seeks to invade their privacy interests. In addition, to the extent that Plaintiff seeks information about compensation which is wholly unrelated to benefits decision-making, the Interrogatory is not calculated to lead to the discovery of admissible evidence. Finally, to the extent that Plaintiff seeks to obtain "all forms of compensation" concerning individuals who had no decision-making authority or provided no substantive information

EXHIBIT A (31)

relating to the decision to terminate Plaintiff's benefits, the Interrogatory seeks to uncover
information not reasonably calculated to lead to the discovery of admissible evidence.

2.      Interrogatory No. 2:  Identify the grounds for performance evaluation, promotion,
demotion and/or layoff/termination decisions with respect to any individual or entity identified in
response to Interrogatory 1.  Please attach all performance appraisals for 2005, 2006 and 2007
for each of the following individuals: Shannon M. Butler, Johanna C. Cobb, William T. Conklin,
Stephen J. Craven, Paul Crosby, Laurie B. Ellis, Christina M. Fleicher, Edna R. Golych, Annette
J. Rice, Christopher Volo.

**Objection**: *See* Objection to Interrogatory No. 1.  Hartford also objects to Interrogatory
No. 2 on the grounds that it is overly broad, unduly burdensome and seeks information which is
beyond the permissible scope of discovery insofar as it is not reasonably calculated to lead to the
discovery of admissible evidence.  For example, Plaintiff asks Hartford to identify "the grounds
for performance evaluation[s]" for 28 individuals over a three-year period.  The rationale for
every aspect of these individuals' performance evaluations is not reasonably calculated to lead to
the discovery of admissible evidence and would require Hartford to identify the factual basis for
the manner in which it evaluated each of these individuals regarding all aspects of their
performance.  In addition, the Interrogatory seeks to invade the privacy interests of the
referenced employees.  This Interrogatory is in no way limited to the type of information that
could demonstrate a conflict of interest and is therefore overly broad.

EXHIBIT A (32)

3.     Interrogatory No. 3: If Harford contends that it does not have a conflict between its obligations under ERISA and its profit-maximizing motive as a business, state all facts on which Hartford relies for such contention.

**Objection**: Hartford objects to Interrogatory No. 3 on the grounds that it is vague and ambiguous. Hartford has many "obligations under ERISA" and Plaintiff has not specified which "obligations" she wants Hartford to address. In addition, the definition of "Hartford" is overly broad and includes a number of entities which have nothing to do with this litigation.

4.     Interrogatory No. 4: If Hartford contends that any conflict between its ERISA obligations and its profit-maximizing motive as a business is *de minimis* or did not taint any decision issued in this claim, state all facts on which it relies for such contention, identify all persons with knowledge of such facts and state the substance of the facts known by each.

**Objection**: Hartford objects to Interrogatory No. 4 on the grounds that it is vague and ambiguous. Hartford has many "obligations under ERISA" and Plaintiff has not specified which "obligations" she wants Hartford to address. In addition, the definition of "Hartford" is overly broad and includes a number of entities which have nothing to do with this litigation.

5.     Interrogatory No. 5: Identify what procedures, if any, Hartford has in place to comply with its fiduciary obligations under 29 C.F.R. 2560.503-1(b)(5) to treat similarly situated claimants "consistently."

**Objection**: Hartford objects to Interrogatory No. 5 to the extent that it misstates the referenced regulation. In addition, this Interrogatory seeks information which is not reasonably calculated to lead to the discovery of admissible evidence concerning the conflict of interest issue which is the subject of discovery.

6.    Interrogatory No. 6: For each third-party medical or vocational professional who conducted an examination, review or study with respect to plaintiff, please state: (a) the number of times that such professional was retained, hired or otherwise utilized by Hartford (either directly or through one of its consulting firms or agents) to conduct an examination, review or study with respect to Hartford's insureds and/or claimants in each of 2005 through 2007; (b) the percentage of total professional time in each of 2005 through 2007 that each such third-party medical or vocational professional spent performing examinations, reviews or studies as opposed to treating patients; (c) the percentage of total compensation in each of 2005 through 2007 that each such third-party medical or vocational professional derived from performing examinations, reviews or studies on behalf of Hartford.

**Objection**: Hartford objects to Interrogatory No. 6 and particularly sub-parts (b) and (c) on the grounds that it is overly broad, unduly burdensome and seeks information that is beyond the possession, custody or control of Hartford. The third-party medical or vocational professionals are not controlled by Hartford or subject to its direction.

7.    Interrogatory No. 7: With respect to each third-party professional listed in response to Interrogatory 6, list all of the different types of injuries and/or illnesses suffered by insureds and/or claimants for which each such professional performed one or more examinations, review or studies in each of 2005 through 2007.

**Objection**: Hartford objects to Interrogatory No. 7 on the grounds that it is overly broad, unduly burdensome and seeks information which is beyond the permissible scope of discovery insofar as it is not reasonably calculated to lead to the discovery of admissible evidence. In addition, the Interrogatory seeks information which is not within the possession, custody or

control of Hartford. The request that Hartford list all of the types of injuries and illnesses suffered by insureds or claimants for whom third-party professionals perform examinations, reviews or studies between 2005 and 2007 has no bearing whatsoever on the conflict of interest issue which is the subject of discovery.

8.    Interrogatory No. 8: If any of the examinations, reviews and/or studies conducted by third-party professionals listed in response to Interrogatory 6 was arranged by some entity other than Hartford, please state: (a) the number of times that such other entity arranged examinations, reviews and/or studies on behalf of Hartford in each of 2005 through 2007; (b) the total amount that Hartford paid to such entity in each of 2005 through 2007.

**Objection**: Hartford objects to Interrogatory No. 8 on the grounds that it is overly broad, unduly burdensome and seeks information which is beyond the permissible scope of discovery. This Interrogatory seeks information which does not bear on the conflict of interest issue relevant to these proceedings.

9.    Interrogatory No. 9: Please identify the individual(s) at Hartford who have responsibility to monitor entities identified in response to Interrogatory 6, including without limitation, that entities' performance, utilization, quality control, profitability and/or contractual duties and obligations. With respect to each such individual state that person's: (a) name; (b) current job title; (c) all previous job titles and the dates that person held each job title listed; (d) qualifications (which includes, but is not limited to, education and training, degrees, certifications, board certifications, diplomas, and certificates); (e) duties and functions performed (f) the name of their direct supervisor for the years 2005 through 2007; and (g) the name of their

direct reports for the years 2005 through 2007. Please attach the curriculum vitae of any medical professional or occupational consultant identified.

**Objection**: Hartford objects to Interrogatory No. 9 on the grounds that it is overly broad, unduly burdensome and seeks information which is beyond the permissible scope of discovery insofar as it is not reasonably calculated to lead to the discovery of admissible evidence. In addition, the term "monitor" is unduly vague. The information requested about each individual is also overly broad. For example, Hartford is requested to identify the "duties and functions performed" by each individual identified by Hartford over a three-year period, as well as all "training" that they have received. Again, this Interrogatory does not seek information which is relevant to the conflict of interest issue.

10.    Interrogatory No. 10: Identify all active steps taken by Hartford, or any employee, agent or consultant of Hartford, to reduce potential bias and/or promote accuracy, including without limitation: (a) walling off claims administrators from those interested in firm finances; (b) imposing management checks that penalize inaccurate decision making irrespective of whom the inaccuracy benefits; (c) creating interdepartment information walls; (d) creating incentives to reward claims processors for their accuracy; and/or (e) creating internal controls as a method of producing administrative accuracy.

**Objection**: Hartford objects to Interrogatory No. 10 to the extent it seeks a description of "all active steps" and has no temporal limitation.

11.    Interrogatory No. 11: Please state: (a) the manner in which premiums were paid for plaintiff's long term disability coverage and the amount of the premium paid by the plaintiff;

and (b) the amount of monthly benefits - on a month-to-month basis - to which plaintiff would be entitled if plaintiff prevails in this action.

**Objection**: Hartford objects to Interrogatory No. 11 on the grounds that it is overly broad, unduly burdensome and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. The manner in which premiums were paid and the amount of the premiums cannot possibly be relevant to the conflict of interest issue. In addition, the Interrogatory assumes that Plaintiff would be entitled to future benefits if she prevails, which is not the case. If plaintiff were to prevail, she would still be subject to proving a continued entitlement to disability benefits.

12.    Interrogatory No. 12: Please state the amount of the reserve placed in plaintiff's claim.

**Objection**: Hartford objects to Interrogatory No. 12 on the grounds that the amount of the reserve placed on Plaintiff's claim is not relevant to conflict of interest issue.

13.    Interrogatory No. 13: Identify each and every computer database utilized by Hartford and any affiliated entity for the years during which plaintiff's claim was pending, through and including the year in which any adverse benefit determination was made on plaintiff's claim.

**Objection**: Hartford objects to Interrogatory No. 13 on the grounds that it is overly broad unduly burdensome and beyond the permissible scope of discovery insofar as it is not reasonably calculated to lead to the discovery of admissible evidence. Identifying "each and every computer database utilized by Hartford and affiliated entity" for the years Plaintiff's claim was pending is an incredibly difficult burden. In addition, the Interrogatory is vague, ambiguous

and relates to Hartford entities that had nothing to do with the decision at issue. This

Interrogatory does not seek information related to the conflict of interest issue.

Dated:        November 18th, 2008

TROUTMAN SANDERS LLP

By:

Christina H. Bost Seaton (CB-7667)
TROUTMAN SANDERS LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 704-6000

David E. Constine, III (VSB No. 23223)
Admitted *pro hac vice*
Troutman Sanders LLP
P. O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1200
FAX (804) 697-1339

Attorneys for Defendant
Hartford Life and Accident Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for Defendant and that on November 8, 2008, I cause to be served by first class mail a true and correct copy of Responses to discovery by Defendant to the following:

TO:
Scott M. Riemer
60 East 42nd Street
Suite 2430
New York, NY 10165

Dated: November 8, 2008

David E. Constine, III (VSB No. 23223)
Admitted *pro hac vice*
Troutman Sanders LLP
P. O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1200
FAX (804) 697-1339

#1783833.2

EXHIBIT A (39)

RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
Office and Post Office Address
60 East 42nd Street, Suite 2430
New York, New York 10165
(212) 297-0700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JULIE JACOBY                                                      07 Civ 4627 (LAK)(RLE)

        Plaintiff,                                      PLAINTIFF'S THIRD REQUEST
                                                                  FOR PRODUCTION
        -against-                                       OF DOCUMENTS

HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY

                    Defendant.
------------------------------------------------------------------X

        PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. Rule 34, Plaintiff

requests that defendant produce the following writings and things within the possession, custody

or control of defendant, its representatives, agents, employees or attorneys for inspection and

copying at the offices of Riemer & Associates LLC, 60 East 42nd Street, Suite 2430, New York,

New York 10165, on or before December 19, 2008, at 10:00 a.m.


### Definitions and Instructions

        A.     This request is governed by and incorporates by reference Rule 26.3 of

the Civil Rules of the Southern District of New York.

        B.     The term "document" has the broadest meaning allowable under Fed.

R. Civ. P. Rule 34(a) and Rule 26.3 of the Civil Rules of the Southern District of New York.


EXHIBIT A (40)

C.      "Hartford" means defendant Hartford Life and Accident Insurance

Company, its committees, its predecessors, successors, parents or subsidiaries, affiliates, or

segments or divisions, and its present or former employees, agents, attorneys, accountants,

officers, directors, trustees, or trustees in bankruptcy.

D.      "Communication" means any correspondence, contact, discussion or

exchange between any two or more persons or entities. Without limiting the foregoing,

"communication" includes all documents, telephone conversations, e-mail, or face-to-face

conversations, meetings and conferences.

E.      "Plan" means GSCP (NJ) LP Long Term Disability Plan and any policy

funding or forming a part thereof, its predecessors, successors, parents or subsidiaries, affiliates,

or segments or divisions, and its present or former employees, agents, attorneys, accountants,

officers, directors, trustees, or trustees in bankruptcy.

G.      Terms in the plural include the singular and terms in the singular include

the plural. "And" includes the word "or" and "or" includes the word "and." "All" includes the

word "any" and "any" includes the word "all". The use of one gender shall include the other as

appropriate in the context.

H.      In responding to this request, you are expected to comply with Local Rule

26.2 for each document responsive to this request withheld pursuant to a claim of privilege or

work product.

I.      These document requests are to be deemed to be continuing.

J.      Unless otherwise specified, the relevant time period of this request is

January 1, 2002 to present.

EXHIBIT A (41)

Documents Requested

1.      All reports, letters and/or evaluations written by Richard Levy, M.D.

documents (including without limitation any computer or on-line based document) that evidence,

record, reflect or refer to examinations, reviews and/or studies conducted in the years 2005

through 2008, of Hartford claimants suffering from chronic fatigue syndrome and/or

fibromyalgia. To protect the privacy of Hartford's claimants, Hartford may redact the names and

social security numbers of all such claimants.

Dated: New York, New York
       November 17, 2008

                                    RIEMER & ASSOCIATES LLC
                                    Attorneys for Plaintiff
                                    60 East 42nd Street, Suite 2430
                                    New York, New York  10165
                                    (212) 297-0700

                                    By: _____
                                        Scott M. Riemer (SR5005)

TO:    David E. Constine, III, Esq.
       Troutman Sanders LLP
       1001 Haxall Point
       P.O. Box 1122
       Richmond VA  23218-1122

EXHIBIT A (42)

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for Plaintiff and that on November 17, 2008, I caused to be served by first class mail a true and correct copy of PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS to the following:

David E. Constine, III, Esq.
Troutman Sanders LLP
1001 Haxall Point
P.O. Box 1122
Richmond VA 23218-1122

Dated: New York, New York
        November 17, 2008

SCOTT M. RIEMER (SR5005)
60 East 42nd Street, Suite 2430
New York, New York 10165
(212) 297-0700

EXHIBIT A (43)

# TROUTMAN SANDERS LLP

A T T O R N E Y S    A T    L A W
A LIMITED LIABILITY PARTNERSHIP

TROUTMAN SANDERS BUILDING
1001 HAXALL POINT
RICHMOND, VIRGINIA 23219
www.troutmansanders.com
TELEPHONE: 804-697-1200
FACSIMILE: 804-697-1339

MAILING ADDRESS
P.O. BOX 1122
RICHMOND, VIRGINIA 23218-1122

David E. Constine, III
david.constine@troutmansanders.com

Direct Dial:  804-697-1258
Direct Fax:  804-698-5131

December 16, 2008

Scott M. Riemer, Esq.
Riemer & Associates, LLC
60 East 42nd Street, Suite 2430
New York, New York 10165

> Re:    *Julie Jacoby v. Hartford Life and Accident Insurance Company*
>        No. 07 Civ. 4627 (LAK) (RLE)

Dear Scott:

Enclosed are Hartford's Objections and Responses to Plaintiff's Third Request for Production of Documents.

Sincerely,

David E. Constine, III

DEC/kbl/1785130.2
Enclosure
cc:    Hartford Life and Accident Insurance Company

ATLANTA · HONG KONG · LONDON · NEW YORK · NEWARK · NORFOLK · RALEIGH
RICHMOND · SHANGHAI · TYSONS CORNER · VIRGINIA BEACH · WASHINGTON, D.C.

TROUTMAN SANDERS LLP
Christina H. Bost Seaton (CB-7667)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 704-6000
*Attorneys for Defendant*
*Hartford Life and Accident Insurance Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
                                                        :
JULIE JACOBY,                                           :    **No.: 07 Civ. 4627 (LAK) (RLE)**
                                                        :
                        Plaintiff,                      :
                                                        :
            -against-                                   :
                                                        :
HARTFORD LIFE AND ACCIDENT INSURANCE                    :
COMPANY,                                                :
                        Defendant.                      :
                                                        :
-----------------------------------------------------------------------X

## OBJECTIONS AND RESPONSES OF DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Hartford Life and Accident Insurance Company ("Hartford"), by counsel,

hereby sets forth the following as its Objections and Responses to the Requests for Production of

Plaintiff.

### GENERAL OBJECTIONS

1.      Hartford objects to any Request to the extent it seeks documents protected by the

attorney-client privilege, work product doctrine or any other privilege recognized at law.

Pursuant to this objection, Hartford will not produce any documents that require it to provide the

substance of any privileged attorney-client communication or reveal any information protected

by the work product doctrine.

EXHIBIT A (45)

2.     Hartford objects to the "Definitions and Instructions" to the extent they attempt to impose obligations on it beyond those provided by the Federal Rules of Civil Procedure or Local Rules.

## SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION OF DOCUMENTS

1.     Request No. 1:  All Reports, letters and/or evaluations written by Richard Levy, M.D. documents (including without limitation any computer or on-line based document) that evidence, record, reflect or refer to examinations, reviews and/or studies conducted in the years 2005 through 2008, of Hartford claimants suffering from chronic fatigue syndrome and/or fibromyalgia.  To protect the privacy of Hartford's claimants, Hartford may redact the names and social security numbers of all such claimants.

Objection/Response:  Hartford objects to Request No. 1 on the grounds that it is overly broad, unduly burdensome, and seeks information which is beyond the scope of discovery insofar as it is not reasonably calculated to lead to the discovery of admissible evidence.  In addition, Hartford objects to Request No. 1 on the grounds that it unreasonably seeks to invade the privacy interests of Hartford's claimants.  Finally, Hartford objects to Request No. 1 on the grounds that it does not seek to obtain information that bears on the conflict of interest issue.

2

EXHIBIT A (46)

Dated:       December 16ᵗʰ, 2008

TROUTMAN SANDERS LLP

By: _____

Christina H. Bost Seaton (CB-7667)
TROUTMAN SANDERS LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 704-6000

David E. Constine, III (VSB No. 23223)
Admitted *pro hac vice*
Troutman Sanders LLP
P. O. Box 1122
Richmond, Virginia  23218-1122
(804) 697-1200
FAX (804) 697-1339

Attorneys for Defendant
Hartford Life and Accident Insurance Company

EXHIBIT A (47)

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for Defendant and that on December 16, 2008, I cause to be served by first class mail a true and correct copy of Responses to discovery by Defendant to the following:

TO:
Scott M. Riemer
60 East 42nd Street
Suite 2430
New York, NY 10165

Dated: December 16, 2008

David E. Constine, III (VSB No. 23223)
Admitted *pro hac vice*
Troutman Sanders LLP
P. O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1200
FAX (804) 697-1339

1789687

4

EXHIBIT A (48)

PHILLIPS & ANGLEY
ATTORNEYS AND COUNSELLORS AT LAW
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS
ONE BOWDOIN SQUARE
BOSTON, MASSACHUSETTS 02114
(617) 367-8787
TELECOPIER (617) 227-8992

JEFFREY J. PHILLIPS, P.C.
JEFFREY T. ANGLEY, P.C.
JONATHAN M. FEIGENBAUM*
CHRISTOPHER S. TOLLEY
DANIEL TREGER
KRISTEN M. PLOETZ
KATE G. WEINSTEIN

NORWELL OFFICE
150 LONGWATER DRIVE
NORWELL, MA 02061
(781) 982-7272
TELECOPIER (781) 982-7202

*ALSO ADMITTED IN DC AND CA

December 24, 2008

David E. Constine III, Esquire
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
**david.constine@troutmansanders.com**

Scott M. Riemer, Esq.
Riemer & Associates, LLC
60 East 42nd Street
Suite 2430
New York, NY 10165
**sriemer@riemerlawfirm.com**

RE:   Jacoby v. Hartford
      United District Court For the District of Massachusetts  - Southern District of New
      York, Case No.: 07-04627

Gentlemen:

        Enclosed you will Notice of Depositions and Subpoenas for: (1) Medical Advisory
Group, L.L.C.; (2) University Disability Consortium, P.C.; and (3) William Sniger.

                                          Very truly yours,

                                          Jonathan M. Feigenbaum

JMF/mf
Enclosure
L:\LITG\Jjac001\riemer.constine.l12.24.08.wpd

EXHIBIT A (49)

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
District of Massachusetts

Julie Jacoby

V.

Hartford Life and Accident Insurance Company

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-04627-LAK

TO:  William Sniger
     360 Pleasant Street
     Raynham, MA 02767
     508-822-9065

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Phillips & Angley, One Bowdoin Square, Boston, MA 02114 | DATE AND TIME  1/14/2009 10:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Phillips & Angley, One Bowdoin Square, Boston, MA 02114
Documents are set forth on the attached EXHIBIT A

| PLACE   Phillips & Angley, One Bowdoin Square, Boston, MA 02114 | DATE AND TIME  1/14/2009 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | 12/24/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Jonathan M. Feigenbaum, Phillips & Angley, One Bowdoin Square, Boston, MA 02114, 617-367-8787

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT A (50)

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

---

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| ·SERVED | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

EXHIBIT A (51)

1. A copy of all files, and all documents contained therein, maintained by you with respect to Jacoby.
2. All communications of any kind, including emails and instant messages, that reference or pertain to Jacoby.
3. A copy of all marketing materials disclosed in any litigation.
4. All documents that you have ever disclosed in any litigation.
5. All contracts or agreements between you and each insurance company for the time period 2005 – 2008 inclusive.
6. All contracts or agreements between you and each vendor that provides medical reports or review services to insurance companies for the time period 2005 – 2008 inclusive.
7. All documents concerning communications between you and The Hartford and any of its insurance subsidiaries, including but not limited to Hartford Life and Accident Insurance Company officers limited to the time period 2005 – 2008 inclusivie.
8. All documents concerning communications between you and vendors that offer medical review services to insurance companies limited to the time period 2005 – 2008 inclusivie.
9. All documents concerning communications between you and Medical Advisory Group, L.L.C., and its agents, employees, managers, and officers limited to the time period 2005 – 2008 inclusivie.
10. All documents concerning communications between you and University Disability Consortium, and its agents, employees, managers, and officers limited to the time period 2005 – 2008 inclusivie.
11. All documents concerning communications between you and Reliable Review Services, and its agents, employees, managers, and officers limited to the time period 2005 – 2008 inclusive.
12. Documents evidencing the hourly rates charged by you to insurance carriers for the years 2005 – 2008 inclusive.
13. Documents evidencing the hourly rates charged by you to vendors that provide medical reports or review services to insurance companies for the years 2005 – 2008 inclusive.
14. Financial documents, including but not limited to 1099 forms, for the years 2005 – 2008 inclusive regarding receipt of income you received from insurance companies.
15. Financial documents, including but not limited to 1099 forms, for the years 2005 – 2008 inclusive regarding receipt of income you received from vendors that provide services to insurance companies.
16. Financial documents, including but limited to 1099 forms, for the years 2005 – 2008 inclusive regarding receipt of income that you received for providing patient care.
17. A copy of all previous depositions in which you were deposed.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JULIE JACOBY                              )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )
                                          ) CIVIL ACTION NO.  07-04627-LAK
                                          )
HARTFORD LIFE AND ACCIDENT                )
INSURANCE COMPANY                         )
        Defendant                         )
_____ )

## PLAINTIFF'S
## RULE 30(b)(2),(3) DEPOSITION NOTICE TO
## WILLIAM SNIGER

To:     David E. Constine III, Esquire
        Troutman Sanders
        Troutman Sanders LLP
        P.O. Box 1122
        Richmond, Virginia  23218-1122
        david.constine@troutmansanders.com

        Scott M. Riemer, Esq.
        Riemer & Associates, LLC
        60 East 42nd Street
        Suite 2430
        New York, NY 10165
        sriemer@riemerlawfirm.com

        Please take notice that on **January 14, 2009 at 10:00 A.M.** the undersigned,

counsel to the Plaintiff will take the deposition of WILLIAM SNIGER ("Deponent"

hereinafter) pursuant to Fed.R.Civ.P., Rule 30(b)(2) ,(3), on cross examination, on oral

interrogatories, before Notary Public and certified shorthand reporter, and by visual

means, for all purposes permitted under the Federal Rules of Civil Procedure.

1

# EXHIBIT A (53)

The deposition shall be conducted at Phillips & Angley, One Bowdoin Square, Boston, MA 02114.

This deposition notice is served with a Subpoena to produce documents at the time of the time deposition and to appear to provide testimony.

The Plaintiff,
JULIE JACOBY
By her attorneys,

Jonathan M. Feigenbaum, Esq.
B.B.O. #54668
Phillips & Angley
One Bowdoin Square
Boston, MA 02114
Tel. No. (617) 367-8787

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing to all parties or their counsel of record this day by mail and email.

DATED: December 24, 2008

L:/litg/jjac001\depo.notice.william.sniger

2

EXHIBIT A (54)

SAO88  (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

District of Massachusetts

Julie Jacoby

V.

**SUBPOENA IN A CIVIL CASE**

Hartford Life and Accident Insurance Company

Case Number:[1]  07-04627-LAK

TO:  University Disability Consortium, P.C.
173 Lincoln Street
Newton Highlands, MA 02461

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Phillips & Angley, One Bowdoin Square, Boston, MA 02114 | DATE AND TIME  1/15/2009 9:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Phillips & Angley, One Bowdoin Square, Boston, MA 02114
Documents are set forth on the attached EXHIBIT A

| PLACE  Phillips & Angley, One Bowdoin Square, Boston, MA 02114 | DATE AND TIME  1/15/2009 9:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | 12/24/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jonathan M. Feigenbaum, Phillips & Angley, One Bowdoin Square, Boston, MA 02114, 617-367-8787

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

# EXHIBIT A (55)

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

EXHIBIT A (56)

1. A copy of all files, and all documents contained therein, maintained by UDC with respect to Jacoby.
2. All communications of any kind, including emails and instant messages, that reference or pertain to Jacoby.
3. A copy of all files, and all documents contained therein, maintained by UDC with respect to Richard Levy, M.D.
4. A copy of all files, and all documents contained therein, maintained by UDC with respect to Jerome Siegel, M.D.
5. A copy of all files, and all documents contained therein, maintained by UDC with respect to Pedro Jose Garrido-Castillo, Ph.D.
6. A copy of all files, and all documents contained therein, maintained by UDC with respect to William Sniger, M.D.
7. A copy of all files, and all documents contained therein, maintained by UDC with respect the contract with Hartford.
8. A copy of all marketing documents prepared by UDC during the period from 2002 through 2008, including but not limited to those disclosed in marketing documents filed in the matter of Teague v. Hartford, Case No. 3:05-cv-00379 (W.D.N.C.).
9. A copy of all financial records disclosed in Caplan v. CNA, Case No. 06-05865 (N.D. of CA).
10. A copy of all marketing materials disclosed in Caplan v. CNA, Case No. 06-05865 (N.D. of CA).
11. All reports, letters and/or evaluations written by Richard Levy, M.D. (including without limitation any computer or on-line based document) that evidence, record, reflect or refer to examinations, reviews and/or studies conducted in the years 2005 through 2008, of Hartford claimants. To protect the privacy of Hartford's claimants, UDC may redact the names and social security numbers of all such claimants.
12. All reports, letters and/or evaluations written by Jerome Siegel, M.D. (including without limitation any computer or on-line based document) that evidence, record, reflect or refer to examinations, reviews and/or studies conducted in the years 2005 through 2008, of Hartford claimants. To protect the privacy of Hartford's claimants, UDC may redact the names and social security numbers of all such claimants.
13. All reports, letters and/or evaluations written by Pedro Jose Garrido-Castillo, Ph.D. (including without limitation any computer or on-line based document) that evidence, record, reflect or refer to examinations, reviews and/or studies conducted in the years 2005 through 2008, of Hartford claimants. To protect the privacy of Hartford's claimants, UDC may redact the names and social security numbers of all such claimants.
14. All reports, letters and/or evaluations written by William Sniger, M.D. (including without limitation any computer or on-line based document) that evidence, record, reflect or refer to examinations, reviews and/or studies conducted in the years 2005 through 2008, of Hartford claimants. To protect the privacy of Hartford's claimants, UDC may redact the names and social security numbers of all such claimants.
15. All ratings and/or performance evaluations of Richard Levy, M.D. prepared by UDC and/or Hartford for the years 2005 through 2008.
16. All ratings and/or performance evaluations of Jerome Siegel, M.D. prepared by UDC and/or Hartford for the years 2005 through 2008.

1

EXHIBIT A (57)

17. All ratings and/or performance evaluations of Pedro Jose Garrido-Castillo, Ph.D. prepared by UDC and/or Hartford for the years 2005 through 2008.
18. All ratings and/or performance evaluations of William Sniger, M.D. prepared by UDC and/or Hartford for the years 2005 through 2008.
19. UDC's document retention policy for the years 2005 through 2008.
20. Documents evidencing payments made to Richard Levy, M.D. for the period from 2005 through 2008.
21. Documents evidencing payments made to Jerome Siegel, M.D. for the period from 2005 through 2008.
22. Documents evidencing payments made to Pedro Jose Garrido-Castillo, Ph.D. for the period from 2005 through 2008.
23. Documents evidencing payments made to William Sniger, M.D. for the period from 2005 through 2008.
24. Documents evidencing the number of examinations, reviews and/or studies conducted by Richard Levy, M.D. in the years 2005 through 2008.
25. Documents evidencing the number of examinations, reviews and/or studies conducted by Jerome Siegel, M.D. in the years 2005 through 2008.
26. Documents evidencing the number of examinations, reviews and/or studies conducted by Pedro Jose Garrido-Castillo, Ph.D. in the years 2005 through 2008.
27. Documents evidencing the number of examinations, reviews and/or studies conducted by William Sniger, M.D. in the years 2005 through 2008.
28. Documents evidencing the hourly rates charged by Richard Levy, M.D. in the years 2005 through 2008.
29. Documents evidencing the hourly rates charged by Jerome Siegel, M.D. in the years 2005 through 2008.
30. Documents evidencing the hourly rates charged by Pedro Jose Garrido-Castillo, Ph.D. in the years 2005 through 2008.
31. Documents evidencing the hourly rates charged by William Sniger, M.D. in the years 2005 through 2008.
32. Documents evidence the hourly rates charged by UDC to The Hartford for reviews by Richard Levy, M.D., Jerome Siegel, M.D., Pedro Jose Garrido-Castillo, Ph.D., William Sniger, M.D.
33. Documents evidencing the hourly rates charged by UDC to insurance carriers other than The Hartford.

EXHIBIT A (58)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIE JACOBY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 07-04627-LAK |
| | ) |
| HARTFORD LIFE AND ACCIDENT | ) |
| INSURANCE COMPANY | ) |
| Defendant | ) |
| | ) |

**PLAINTIFF'S
RULE 30(b)(2),(3) AND (6) DEPOSITION NOTICE TO
UNIVERSITY DISABILITY CONSORTIUM P.C.**

To:    David E. Constine III, Esquire
       Troutman Sanders
       Troutman Sanders LLP
       P.O. Box 1122
       Richmond, Virginia 23218-1122
       david.constine@troutmansanders.com

       Scott M. Riemer, Esq.
       Riemer & Associates, LLC
       60 East 42nd Street
       Suite 2430
       New York, NY 10165
       sriemer@riemerlawfirm.com

Please take notice that on **January 15, 2009 at 9:00 a.m.** the undersigned,

counsel to the Plaintiff will take the deposition(s) of one or more officers, directors, or

managing agents, or other designated persons to testify on behalf of University Disability

Consortium P.C. ("Deponent" hereinafter) pursuant to Fed.R.Civ.P., Rule 30(b)(2) ,(3)

and (6), on cross examination, on oral interrogatories, before Notary Public and certified

1

EXHIBIT A (59)

shorthand reporter, and by visual means, for all purposes permitted under the Federal

Rules of Civil Procedure.

The person(s) so designated under Fed.R.Civ.P. Rule 30(b)(6) by the Deponent

shall testify as to the following matters known or reasonably available to the Deponent as

relating to the documents set forth in Section A below.

The deposition shall be conducted at Phillips & Angley, One Bowdoin Square,

Boston, MA 02114

## SECTION A

1. A copy of all files, and all documents contained therein, maintained by UDC with respect to Jacoby.
2. All communications of any kind, including emails and instant messages, that reference or pertain to Jacoby.
3. A copy of all files, and all documents contained therein, maintained by UDC with respect to Richard Levy, M.D.
4. A copy of all files, and all documents contained therein, maintained by UDC with respect to Jerome Siegel, M.D.
5. A copy of all files, and all documents contained therein, maintained by UDC with respect to Pedro Jose Garrido-Castillo, Ph.D.
6. A copy of all files, and all documents contained therein, maintained by UDC with respect to William Sniger, M.D.
7. A copy of all files, and all documents contained therein, maintained by UDC with respect the contract with Hartford.
8. A copy of all marketing documents prepared by UDC during the period from 2002 through 2008, including but not limited to those disclosed in marketing documents filed in the matter of Teague v. Hartford, Case No. 3:05-cv-00379 (W.D.N.C.).
9. A copy of all financial records disclosed in Caplan v. CNA, Case No. 06-05865 (N.D. of CA).
10. A copy of all marketing materials disclosed in Caplan v. CNA, Case No. 06-05865 (N.D. of CA).
11. All reports, letters and/or evaluations written by Richard Levy, M.D. (including without limitation any computer or on-line based document) that evidence, record, reflect or refer to examinations, reviews and/or studies conducted in the years 2005 through 2008, of Hartford claimants. To protect the privacy of Hartford's claimants, UDC may redact the names and social security numbers of all such claimants.
12. All reports, letters and/or evaluations written by Jerome Siegel, M.D. (including without limitation any computer or on-line based document) that evidence, record,

2

EXHIBIT A (60)

reflect or refer to examinations, reviews and/or studies conducted in the years 2005 through 2008, of Hartford claimants. To protect the privacy of Hartford's claimants, UDC may redact the names and social security numbers of all such claimants.

13. All reports, letters and/or evaluations written by Pedro Jose Garrido-Castillo, Ph.D. (including without limitation any computer or on-line based document) that evidence, record, reflect or refer to examinations, reviews and/or studies conducted in the years 2005 through 2008, of Hartford claimants. To protect the privacy of Hartford's claimants, UDC may redact the names and social security numbers of all such claimants.

14. All reports, letters and/or evaluations written by William Sniger, M.D. (including without limitation any computer or on-line based document) that evidence, record, reflect or refer to examinations, reviews and/or studies conducted in the years 2005 through 2008, of Hartford claimants. To protect the privacy of Hartford's claimants, UDC may redact the names and social security numbers of all such claimants.

15. All ratings and/or performance evaluations of Richard Levy, M.D. prepared by UDC and/or Hartford for the years 2005 through 2008.

16. All ratings and/or performance evaluations of Jerome Siegel, M.D. prepared by UDC and/or Hartford for the years 2005 through 2008.

17. All ratings and/or performance evaluations of Pedro Jose Garrido-Castillo, Ph.D. prepared by UDC and/or Hartford for the years 2005 through 2008.

18. All ratings and/or performance evaluations of William Sniger, M.D. prepared by UDC and/or Hartford for the years 2005 through 2008.

19. UDC's document retention policy for the years 2005 through 2008.

20. Documents evidencing payments made to Richard Levy, M.D. for the period from 2005 through 2008.

21. Documents evidencing payments made to Jerome Siegel, M.D. for the period from 2005 through 2008.

22. Documents evidencing payments made to Pedro Jose Garrido-Castillo, Ph.D. for the period from 2005 through 2008.

23. Documents evidencing payments made to William Sniger, M.D. for the period from 2005 through 2008.

24. Documents evidencing the number of examinations, reviews and/or studies conducted by Richard Levy, M.D. in the years 2005 through 2008.

25. Documents evidencing the number of examinations, reviews and/or studies conducted by Jerome Siegel, M.D. in the years 2005 through 2008.

26. Documents evidencing the number of examinations, reviews and/or studies conducted by Pedro Jose Garrido-Castillo, Ph.D. in the years 2005 through 2008.

27. Documents evidencing the number of examinations, reviews and/or studies conducted by William Sniger, M.D. in the years 2005 through 2008.

28. Documents evidencing the hourly rates charged by Richard Levy, M.D. in the years 2005 through 2008.

29. Documents evidencing the hourly rates charged by Jerome Siegel, M.D. in the years 2005 through 2008.

30. Documents evidencing the hourly rates charged by Pedro Jose Garrido-Castillo, Ph.D. in the years 2005 through 2008.

EXHIBIT A (61)

31. Documents evidencing the hourly rates charged by William Sniger, M.D. in the years 2005 through 2008.
32. Documents evidence the hourly rates charged by UDC to The Hartford for reviews by Richard Levy, M.D., Jerome Siegel, M.D., Pedro Jose Garrido-Castillo, Ph.D., William Sniger, M.D.
33. Documents evidencing the hourly rates charged by UDC to insurance carriers other than The Hartford.

The Plaintiff,
JULIE JACOBY
By her Attorneys,

Jonathan M. Feigenbaum, Esq.
B.B.O. #54668
Phillips & Angley
One Bowdoin Square
Boston, MA 02114
Tel. No. (617) 367-8787

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing to all parties or their counsel of record this day by mail and email.

DATED: December 24, 2008

L:/litg/jjac001\depo.notice30(b)(6).udc

4

EXHIBIT A (62)

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

District of Massachusetts

Julie Jacoby

V.

**SUBPOENA IN A CIVIL CASE**

Hartford Life and Accident Insurance Company

Case Number:[1] 07-04627-LAK

TO:   Medical Advisory Group, L.L.C.
      2 Wilder Drive, Unit 3
      Plaistow, NH 03865

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION     Phillips & Angley, One Bowdoin Square, Boston, MA 02114 | DATE AND TIME 1/15/2009 2:00 pm |
|---|---|

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Phillips & Angley, One Bowdoin Square, Boston, MA 02114
Documents are set forth on the attached EXHIBIT A

| PLACE     Phillips & Angley, One Bowdoin Square, Boston, MA 02114 | DATE AND TIME 1/15/2009 2:00 pm |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | 12/24/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jonathan M. Feigenbaum, Phillips & Angley, One Bowdoin Square, Boston, MA 02114, 617-367-8787

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

# EXHIBIT A (63)

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | | PLACE |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

EXHIBIT A (64)

1. A copy of all files, and all documents contained therein, maintained by Medical Advisory Group, L.L.C. ("MAG") with respect to Jacoby.
2. All communications of any kind, including emails and instant messages, that reference or pertain to Jacoby.
3. A copy of all files, and all documents contained therein, maintained by MAG with respect to Richard Levy, M.D.
4. A copy of all files, and all documents contained therein, maintained by MAG with respect to Jerome Siegel, M.D.
5. A copy of all files, and all documents contained therein, maintained by MAG with respect to Pedro Jose Garrido-Castillo, Ph.D.
6. A copy of all files, and all documents contained therein, maintained by MAG with respect to William Sniger, M.D.
7. A copy of all files, and all documents contained therein, maintained by MAG with respect the contract with Hartford.
8. A copy of all marketing materials disclosed in any litigation.
9. All reports, letters and/or evaluations written by Richard Levy, M.D. (including without limitation any computer or on-line based document) that evidence, record, reflect or refer to examinations, reviews and/or studies conducted in the years 2005 through 2008, of Hartford claimants. To protect the privacy of Hartford's claimants, MAG may redact the names and social security numbers of all such claimants.
10. All reports, letters and/or evaluations written by Jerome Siegel, M.D. (including without limitation any computer or on-line based document) that evidence, record, reflect or refer to examinations, reviews and/or studies conducted in the years 2005 through 2008, of Hartford claimants. To protect the privacy of Hartford's claimants, MAG may redact the names and social security numbers of all such claimants.
11. All reports, letters and/or evaluations written by Pedro Jose Garrido-Castillo, Ph.D. (including without limitation any computer or on-line based document) that evidence, record, reflect or refer to examinations, reviews and/or studies conducted in the years 2005 through 2008, of Hartford claimants. To protect the privacy of Hartford's claimants, MAG may redact the names and social security numbers of all such claimants.
12. All reports, letters and/or evaluations written by William Sniger, M.D. (including without limitation any computer or on-line based document) that evidence, record, reflect or refer to examinations, reviews and/or studies conducted in the years 2005 through 2008, of Hartford claimants. To protect the privacy of Hartford's claimants, MAG may redact the names and social security numbers of all such claimants.
13. All ratings and/or performance evaluations of Richard Levy, M.D. prepared by MAG and/or Hartford for the years 2005 through 2008.
14. All ratings and/or performance evaluations of Jerome Siegel, M.D. prepared by MAG and/or Hartford for the years 2005 through 2008.
15. All ratings and/or performance evaluations of Pedro Jose Garrido-Castillo, Ph.D. prepared by MAG and/or Hartford for the years 2005 through 2008.
16. All ratings and/or performance evaluations of William Sniger, M.D. prepared by MAG and/or Hartford for the years 2005 through 2008.
17. MAG's document retention policy for the years 2005 through 2008.
18. Documents evidencing payments made to Richard Levy, M.D. for the period from 2005 through 2008.

1

EXHIBIT A (65)

19. Documents evidencing payments made to Jerome Siegel, M.D. for the period from 2005 through 2008.

20. Documents evidencing payments made to Pedro Jose Garrido-Castillo, Ph.D. for the period from 2005 through 2008.

21. Documents evidencing payments made to William Sniger, M.D. for the period from 2005 through 2008.

22. Documents evidencing the number of examinations, reviews and/or studies conducted by Richard Levy, M.D. in the years 2005 through 2008.

23. Documents evidencing the number of examinations, reviews and/or studies conducted by Jerome Siegel, M.D. in the years 2005 through 2008.

24. Documents evidencing the number of examinations, reviews and/or studies conducted by Pedro Jose Garrido-Castillo, Ph.D. in the years 2005 through 2008.

25. Documents evidencing the number of examinations, reviews and/or studies conducted by William Sniger, M.D. in the years 2005 through 2008.

26. Documents evidencing the hourly rates charged by Richard Levy, M.D. in the years 2005 through 2008.

27. Documents evidencing the hourly rates charged by Jerome Siegel, M.D. in the years 2005 through 2008.

28. Documents evidencing the hourly rates charged by Pedro Jose Garrido-Castillo, Ph.D. in the years 2005 through 2008.

29. Documents evidencing the hourly rates charged by William Sniger, M.D. in the years 2005 through 2008.

30. Documents evidence the hourly rates charged by MAG to The Hartford for reviews by Richard Levy, M.D., Jerome Siegel, M.D., Pedro Jose Garrido-Castillo, Ph.D., William Sniger, M.D.

31. Documents evidencing the hourly rates charged by MAG to insurance carriers other than The Hartford.

2

EXHIBIT A (66)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JULIE JACOBY                           )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )
                                       ) CIVIL ACTION NO. 07-04627-LAK
                                       )
HARTFORD LIFE AND ACCIDENT             )
INSURANCE COMPANY                      )
        Defendant                      )
_____  )

### PLAINTIFF'S
### RULE 30(b)(2),(3) AND (6) DEPOSITION NOTICE TO
### MEDICAL ADVISORY GROUP L.L.C

To:     David E. Constine III, Esquire
        Troutman Sanders
        Troutman Sanders LLP
        P.O. Box 1122
        Richmond, Virginia 23218-1122
        david.constine@troutmansanders.com

        Scott M. Riemer, Esq.
        Riemer & Associates, LLC
        60 East 42nd Street
        Suite 2430
        New York, NY 10165
        sriemer@riemerlawfirm.com

        Please take notice that on **January 15, 2009 at 2:00 p.m.** the undersigned,

counsel to the Plaintiff will take the deposition(s) of one or more officers, directors, or

managing agents, or other designated persons to testify on behalf of Medical Advisory

Group, L.L.C. ("Deponent" hereinafter) pursuant to Fed.R.Civ.P., Rule 30(b)(2) ,(3) and

(6), on cross examination, on oral interrogatories, before Notary Public and certified

1

# EXHIBIT A (67)

shorthand reporter, and by visual means, for all purposes permitted under the Federal

Rules of Civil Procedure.

     The person(s) so designated under Fed.R.Civ.P. Rule 30(b)(6) by the Deponent

shall testify as to the following matters known or reasonably available to the Deponent as

relating to the documents set forth in Section A below.

     The deposition shall be conducted at Phillips & Angley, One Bowdoin Square,

Boston, MA 02114

## SECTION A

1. A copy of all files, and all documents contained therein, maintained by Medical Advisory Group, L.L.C. ("MAG") with respect to Jacoby.
2. All communications of any kind, including emails and instant messages, that reference or pertain to Jacoby.
3. A copy of all files, and all documents contained therein, maintained by MAG with respect to Richard Levy, M.D.
4. A copy of all files, and all documents contained therein, maintained by MAG with respect to Jerome Siegel, M.D.
5. A copy of all files, and all documents contained therein, maintained by MAG with respect to Pedro Jose Garrido-Castillo, Ph.D.
6. A copy of all files, and all documents contained therein, maintained by MAG with respect to William Sniger, M.D.
7. A copy of all files, and all documents contained therein, maintained by MAG with respect the contract with Hartford.
8. A copy of all marketing materials disclosed in any litigation.
9. All reports, letters and/or evaluations written by Richard Levy, M.D. (including without limitation any computer or on-line based document) that evidence, record, reflect or refer to examinations, reviews and/or studies conducted in the years 2005 through 2008, of Hartford claimants. To protect the privacy of Hartford's claimants, MAG may redact the names and social security numbers of all such claimants.
10. All reports, letters and/or evaluations written by Jerome Siegel, M.D. (including without limitation any computer or on-line based document) that evidence, record, reflect or refer to examinations, reviews and/or studies conducted in the years 2005 through 2008, of Hartford claimants. To protect the privacy of Hartford's claimants, MAG may redact the names and social security numbers of all such claimants.
11. All reports, letters and/or evaluations written by Pedro Jose Garrido-Castillo, Ph.D. (including without limitation any computer or on-line based document) that

2

EXHIBIT A (68)

evidence, record, reflect or refer to examinations, reviews and/or studies conducted in the years 2005 through 2008, of Hartford claimants. To protect the privacy of Hartford's claimants, MAG may redact the names and social security numbers of all such claimants.

12. All reports, letters and/or evaluations written by William Sniger, M.D. (including without limitation any computer or on-line based document) that evidence, record, reflect or refer to examinations, reviews and/or studies conducted in the years 2005 through 2008, of Hartford claimants. To protect the privacy of Hartford's claimants, MAG may redact the names and social security numbers of all such claimants.

13. All ratings and/or performance evaluations of Richard Levy, M.D. prepared by MAG and/or Hartford for the years 2005 through 2008.

14. All ratings and/or performance evaluations of Jerome Siegel, M.D. prepared by MAG and/or Hartford for the years 2005 through 2008.

15. All ratings and/or performance evaluations of Pedro Jose Garrido-Castillo, Ph.D. prepared by MAG and/or Hartford for the years 2005 through 2008.

16. All ratings and/or performance evaluations of William Sniger, M.D. prepared by MAG and/or Hartford for the years 2005 through 2008.

17. MAG's document retention policy for the years 2005 through 2008.

18. Documents evidencing payments made to Richard Levy, M.D. for the period from 2005 through 2008.

19. Documents evidencing payments made to Jerome Siegel, M.D. for the period from 2005 through 2008.

20. Documents evidencing payments made to Pedro Jose Garrido-Castillo, Ph.D. for the period from 2005 through 2008.

21. Documents evidencing payments made to William Sniger, M.D. for the period from 2005 through 2008.

22. Documents evidencing the number of examinations, reviews and/or studies conducted by Richard Levy, M.D. in the years 2005 through 2008.

23. Documents evidencing the number of examinations, reviews and/or studies conducted by Jerome Siegel, M.D. in the years 2005 through 2008.

24. Documents evidencing the number of examinations, reviews and/or studies conducted by Pedro Jose Garrido-Castillo, Ph.D. in the years 2005 through 2008.

25. Documents evidencing the number of examinations, reviews and/or studies conducted by William Sniger, M.D. in the years 2005 through 2008.

26. Documents evidencing the hourly rates charged by Richard Levy, M.D. in the years 2005 through 2008.

27. Documents evidencing the hourly rates charged by Jerome Siegel, M.D. in the years 2005 through 2008.

28. Documents evidencing the hourly rates charged by Pedro Jose Garrido-Castillo, Ph.D. in the years 2005 through 2008.

29. Documents evidencing the hourly rates charged by William Sniger, M.D. in the years 2005 through 2008.

30. Documents evidence the hourly rates charged by MAG to The Hartford for reviews by Richard Levy, M.D., Jerome Siegel, M.D., Pedro Jose Garrido-Castillo, Ph.D., William Sniger, M.D.

3

EXHIBIT A (69)

31. Documents evidencing the hourly rates charged by MAG to insurance carriers
other than The Hartford.

The Plaintiff,
JULIE JACOBY
By her attorneys,

Jonathan M. Feigenbaum, Esq.
B.B.O. #54668
Phillips & Angley
One Bowdoin Square
Boston, MA 02114
Tel. No. (617) 367-8787

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing to all parties or their

counsel of record this day by mail and email.

DATED: December 24, 2008

L:/litg/jjac001\depo.notice30(b)(6).mag

**4**
# EXHIBIT A (70)

PHILLIPS & ANGLEY

ATTORNEYS AND COUNSELLORS AT LAW
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS
ONE BOWDOIN SQUARE
BOSTON, MASSACHUSETTS 02114
(617) 367-8787
TELECOPIER (617) 227-8092

JEFFREY J. PHILLIPS, P.C.
JEFFREY T. ANGLEY, P.C.
JONATHAN M. FEIGENBAUM*
CHRISTOPHER S. TOLLEY
DANIEL TREGER
KRISTEN M. PLOETZ
KATE G. WEINSTEIN

NORWELL OFFICE
150 LONGWATER DRIVE
NORWELL, MA 02061
(781) 982-7272
TELECOPIER (781) 982-7202

*ALSO ADMITTED IN DC AND CA

January 12, 2009
E-Mail Cameron.Shlling@mclane.com

Cameron G. Shilling, Esquire
McLane Graf
City Hall Plaza
900 Elm Street
Manchester, NH 03101

RE:     Jacoby v. Hartford
        United District Court For the District of Massachusetts - Southern District of New
        York, Case No.: 07-04627

Dear Cameron:

        This letter is to confirm that you represent Dr. Sniger ("Sniger") and Medical Advisory
Group, LLC ("MAG"). You have advised me that you will send to me written objections to the
deposition subpoenas that were served separately on MAG and Sniger on December 29, 2008.
You said that you would send written objections on January 13, 2008.

        You requested that we reschedule the depositions of Dr. Sniger and MAG currently set
for later this week I am agreeing to accommodate you, however, I am not waiving any rights on
behalf of Mrs. Jacoby to enforce the subpoenas.

        Under the Court's scheduling order, we need to finish discovery by February 1, 2009. In
addition, I am presuming that we will not need to serve your clients again with new subpoenas
for new dates. If my presumption is wrong, then please advise in writing.

        You stated that MAG and Sniger have HIPAA concerns in producing medical records of
claimants other than Mrs. Jacoby. I disagree with your contention that HIPAA even applies,
because neither MAG or the Hartford Life & Accident Insurance Company is a covered entity
under HIPAA.

EXHIBIT A (71)

Page 2
January 12, 2008
Cameron G. Shilling, Esquire

Please direct me to the provisions of HIPAA that support Sniger's and MAG's arguments that MAG and Sniger would be violating HIPAA if they turned over other claimant's information. We are willing to accept the information in a form under which basic personal identifiers (name, address, SSN, minor children) are all redacted from the documents.

Thank you for your courtesy and cooperation with this matter.

Very truly yours,

Jonathan M. Feigenbaum

JMF/mf
cc: Scott M. Riemer, Esquire (email)
L:\LITG\Jjac001\shilling.l01.12.09.wpd

EXHIBIT A (72)

McLane, Graf,
Raulerson & Middleton
Professional Association

**900 Elm Street | P.O. Box 326 | Manchester, NH 03105-0326**
**Tel: 603.625.6464 | Fax: 603.625.5650 | www.mclane.com**

OFFICES IN:
MANCHESTER
CONCORD
PORTSMOUTH
WOBURN, MA

CAMERON G. SHILLING
Direct Dial: (603) 628-1351
Email: cameron.shilling@mclane.com
Licensed in NH and MA

January 13, 2009

Via Email and U.S. Mail
Jonathan M. Feigenbaum
Phillips & Angley
One Bowdoin Square
Boston, MA 02114

> Re:    Julie Jacoby v. Hartford Life and Accident Ins. Co.
>        Case No. 07-04627-LAK

Dear Jonathan,

This letter follows up our phone call yesterday. As we discussed, the McLane law firm represents Medical Advisory Group, L.L.C. ("MAG") and William Sniger, M.D. in relation to the Subpoenas and Notices of Depositions that you served on them for your client, Julie Jacoby in the case that she filed against Hartford Life and Accident Insurance Company ("Hartford").

MAG and Dr. Sniger object to the scope of Subpoenas, and MAG objects to the necessity for a deposition of it. They object principally because the vast majority of the requests seek documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, the requests seek materials that are confidential to MAG, and the requests seek documents and information that are protected under the privacy provisions of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

MAG is a vendor to Hartford, providing independent medical reviews, medical record reviews, and other similar services. Dr. Sniger and Richard Levy, M.D. are physicians who provides services to MAG as independent contractors. MAG, Dr. Sniger and Dr. Levy are independent from Hartford, and MAG is not a captive entity of Hartford. Rather, MAG provides services to many different insurers, and it is distinctive in the industry for its independence from its customers. There is no existing evidence whatsoever, and you will find none, demonstrating that MAG, Dr. Sniger or Dr. Levy are controlled by Hartford in any way. Any allegation that you make to the contrary would be false, and any discovery that you may want to do along those lines would be purely an unsubstantiated fishing expedition.

MAG and Dr. Sniger understand that Ms. Jacoby is challenging the insurance decisions made by Hartford, based in part on medical reviews provided by MAG and performed by Dr.

EXHIBIT A (73)

Jonathan M. Feigenbaum
January 13, 2009
Page 2

Sniger and Dr. Levy  MAG and Dr. Sniger do not object to producing documents and information concerning the services performed by MAG, Dr. Sniger and Dr. Levy related to Ms. Jacoby, and the payments made by MAG to Dr. Sniger and Dr. Levy for those services. Thus, MAG and Dr. Sniger will produce documents responsive to requests 1 and 2 in their respective Subpoenas. Similarly, Dr. Sniger will agree to appear for a deposition and answer questions concerning the services he performed related to Ms. Jacoby.

MAG and Dr. Sniger object to the remainder of the requests. Specifically, your requests concerning individuals other than Ms. Jacoby seek materials that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and that are protected by HIPAA. *See* Subpoena to MAG, Requests 3, 6, 7, 9, 12, 22, 25 and 30; Subpoena to Dr. Sniger, Requests 7-11. Your requests concerning the contract between Dr. Sniger and MAG, contracts between Dr. Sniger and other vendors/insurers, rates that Dr. Sniger and Dr. Levy charge MAG and other vendors/insurers, payments from MAG and other vendors/insurers to Dr. Sniger or Dr. Levy (unrelated to Ms. Jacoby), contracts between MAG and other insurers, and rates that MAG charges other insurers, seek materials that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and that are confidential to MAG or Dr. Sniger (including from Hartford). *See* Subpoena to MAG, Requests 18, 21, 26 and 29-31; Subpoena to Dr. Sniger, Requests 5, 6, and 12-16. Your requests for the contract between MAG and Hartford, marketing materials, MAG's document retention policy, transcripts of depositions of Dr. Sniger in prior cases, and documents produced by Dr. Sniger in prior cases, seek materials that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. *See* Subpoena to MAG, Requests 8 and 17; Subpoena to Dr. Sniger, Requests 3, 4 and 17. Finally, MAG does not have any discoverable materials concerning Jerome Siegal, M.D. or Pedro Jose Garrido-Castillo, Ph.D. because those two individuals do not provide services to MAG, and MAG does not have any ratings or performance evaluations for Dr. Levy or Dr. Sniger. *See* Subpoena to MAG, Requests 4, 5, 10, 11, 13-16, 19, 20, 23, 24, 27 and 28.

Based on our conversation yesterday, it is my understanding the depositions of MAG and Dr. Sniger will not take place on January 14 or 15, 2009. Rather, you will review the above and we will determine whether we can compromise with respect to the materials to be produced, then, if necessary, we will reschedule the deposition(s) accordingly.

Thank you for your attention to the above. I look forward to speaking to you again soon.

Very truly yours,

Cameron G. Shilling
Cameron G. Shilling

cc:    Medical Advisory Group, L.L.C.
       William Sniger, M.D.

PHILLIPS & ANGLEY
ATTORNEYS AND COUNSELLORS AT LAW
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS
ONE BOWDOIN SQUARE
BOSTON, MASSACHUSETTS 02114
(617) 367-8787
TELECOPIER (617) 227-8992

JEFFREY J. PHILLIPS, P.C.
JEFFREY T. ANGLEY, P.C.
JONATHAN M. FEIGENBAUM*
CHRISTOPHER S. TOLLEY
DANIEL TREGER
KRISTEN M. PLOETZ
KATE G. WEINSTEIN

*ALSO ADMITTED IN DC AND CA

NORWELL OFFICE
150 LONGWATER DRIVE
NORWELL, MA 02061
(781) 982-7272
TELECOPIER (781) 982-7202

January 14, 2009
E-Mail e-mail: readyesq@aol.com

Richard F. Ready
Law Offices of Richard F. Ready, P.C.
25 Walnut Street, Suite 300
Wellesley, MA 02481

RE:     Jacoby v. Hartford
        United District Court For the District of Massachusetts  - Southern District of New
        York, Case No.: 07-04627

Dear Richard:

This letter is to confirm that on January 13, 2009 you called me and you stated that you represent University Disability Consortium ("UDC"). You have advised me that you will send to me written objections to the deposition subpoena that was served on December 29, 2008.

You requested that we reschedule the depositions of UDC currently set for January 16, 2009. I am agreeing to accommodate you, however, I am not waiving any rights on behalf of Mrs. Jacoby to enforce the subpoena.

Under the Court's scheduling order, we need to finish discovery by February 1, 2009. In addition, I am presuming that we will not need to serve your clients again with new subpoenas for new dates. If my presumption is wrong, then please advise in writing.

Thank you for your courtesy and cooperation with this matter.

Very truly yours,

Jonathan M. Feigenbaum

JMF/mf
cc: Scott M. Riemer, Esquire (email)
L:\LITG\Jjac001\ready.l01.14.09.wpd

EXHIBIT A (75)

1/13/2009

**From:** "Constine, David E." <david.constine@troutmansanders.com>
**To:** "Scott M. Riemer" <sriemer@riemerlawfirm.com>
**Sent:** 11/12/2008  2:16PM
**Subject:** RE: Jacoby v. Hartford

Scott: I just received your letter and had not received Judge Kaplan's
order. My December is completely booked with depositions in other cases
(at least at the present time and things could change). I would like to
agree to go beyond the discovery date of Jan 2? I am not sure I can find
any other time. I will know more after a mediation on Nov. 20. Let me
know if this is acceptable.

-----Original Message-----
From: Scott M. Riemer [mailto:sriemer@riemerlawfirm.com]
Sent: Friday, October 31, 2008 3:00 PM
To: Constine, David E.
Subject: Jacoby v. Hartford


David, I attach a copy of plaintiff's settlement demand.


Scott M. Riemer, Esq.
Riemer & Associates, LLC
60 East 42nd Street, Suite 2430
New York, New York  10165

Phone: 212-297-0700
Fax: 212-297-0730
sriemer@riemerlawfirm.com

This communication may contain privileged and confidential information
and is protected by the Electronic Communications Privacy Act, 18 U.S.C.
Secs. 2510-2521. It is intended only for the use of the recipient named
above. If you are not the intended recipient of this communication, or
the employee or agent responsible for delivering it to the intended
recipient, you are hereby notified that any dissemination, distribution,
or copying of this communication is strictly prohibited. If you have
received this communication in error, please immediately notify us by
collect telephone call and return the original message to us at the
address above via United States Postal Service.
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you
that any tax advice that may be contained in this communication (including any attachments) is not
intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the
Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s)
or tax-related matter(s) that may be addressed herein.


This e-mail communication (including any attachments) may contain legally privileged and confidential
information intended solely for the use of the intended recipient. If you are not the intended recipient, you

1/13/2009

From:      SMR
To:        "Constine, David E." <david.constine@troutmansanders.com>
Cc:        Jonathan Feigenbaum <JonF@phillips-angley.com>
Sent:      11/12/2008  2:26PM
Subject:   RE: Jacoby v. Hartford

David, I attach the Judge's order for your files. I am not sure what to tell you about your scheduling issues. In my experience, Judge Kaplan is not flexible with dates. I suggest that you make an application for an additional 30 days. You could state that plaintiff does not oppose your application.   Good luck.

Scott M. Riemer, Esq.
Riemer & Associates, LLC
60 East 42nd Street, Suite 2430
New York, New York  10165

Phone: 212-297-0700
Fax: 212-297-0730
sriemer@riemerlawfirm.com

This communication may contain privileged and confidential information and is protected by the Electronic Communications Privacy Act, 18 U.S.C. Secs. 2510-2521. It is intended only for the use of the recipient named above. If you are not the intended recipient of this communication, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by collect telephone call and return the original message to us at the address above via United States Postal Service.

--- Original Message---
 To: "Scott M. Riemer" <sriemer@riemerlawfirm.com>
 From: "Constine, David E." <david.constine@troutmansanders.com>
 Sent: 11/12/2008  2:16PM
 Subject: RE: Jacoby v. Hartford

>> Scott: I just received your letter and had not received Judge Kaplan's
>> order. My December is completely booked with depositions in other cases
>> (at least at the present time and things could change). I would like to
>> agree to go beyond the discovery date of Jan 2? I am not sure I can find
>> any other time. I will know more after a mediation on Nov. 20. Let me
>> know if this is acceptable.
>>
>> -----Original Message-----
>> From: Scott M. Riemer [mailto:sriemer@riemerlawfirm.com]
>> Sent: Friday, October 31, 2008 3:00 PM
>> To: Constine, David E.
>> Subject: Jacoby v. Hartford
>>
>>
>> David, I attach a copy of plaintiff's settlement demand.

1/13/2009

| | |
|---|---|
| **From:** | "Windsor, Laura D." <Laura.Windsor@troutmansanders.com> |
| **To:** | "Scott M. Riemer" <sriemer@riemerlawfirm.com> |
| **Cc:** | "Bost-Seaton, Christina H." <Christina.BostSeaton@troutmansanders.com> |
| **Sent:** | 11/14/2008 12:00PM |
| **Subject:** | Jacoby v. Hartford -- Stipulation to Extend Deadlines |

Scott -- Pursuant to your recent email communications with David
Constine, I am attaching a stipulation to extend the discovery deadline
by 30 days. I have also attached a copy of the letter that we intend to
send to Judge Kaplan with the stipulation. Please let us know whether
we have your permission to electronically sign the stipulation for you.

Thank you for your cooperation in this matter.

Sincerely,

Laura D. Windsor
Troutman Sanders LLP
Troutman Sanders Building
1001 Haxall Point
P.O. Box 1122
Richmond, VA 23218-1122
(804) 697-1293 (phone)
(804) 698-5150 (fax)
laura.windsor@troutmansanders.com
Admitted to practice in Virginia and Georgia

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you
that any tax advice that may be contained in this communication (including any attachments) is not
intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the
Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s)
or tax-related matter(s) that may be addressed herein.

This e-mail communication (including any attachments) may contain legally privileged and confidential
information intended solely for the use of the intended recipient. If you are not the intended recipient, you
should immediately stop reading this message and delete it from your system. Any unauthorized reading,
distribution, copying or other use of this communication (or its attachments) is strictly prohibited.

1/13/2009

**From:**     "Constine, David E." <david.constine@troutmansanders.com>
**To:**       <sriemer@riemerlawfirm.com>
**Cc:**       "Windsor, Laura D." <Laura.Windsor@troutmansanders.com>
**Sent:**     11/19/2008  8:56AM
**Subject:**  FW: Jacoby Objections

  Scott: I put these in the mail yesterday but wanted to give you a
heads up they were coming. In the cover letter that is attached, I let
you know that, notwithstanding the objections, we are working on
substantive responses to most of the requests and will have them for you
shortly. I did not mention this in the letter, but I wanted to let you
know that certain of your requests (typically sub-parts within requests)
ask for information that is not in the possession of Hartford and we
will not be providing responses to those requests. Similarly, we do not
control UDC or MAG or their employees and therefore do not produce them
for depositions. You and I, of course, can arrange mutually convenient
times for the depositions of the individuals whom you wish to depose,
but you will need to go through the subpoena process. I hope you
understand that we are simply not in a position to guarantee their
appearance for  depositions.


David E. Constine, III
Troutman Sanders LLP
P. O. Box 1122
Richmond VA  23218
(804) 697-1258
FAX:  (804) 698-5131


IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you
that any tax advice that may be contained in this communication (including any attachments) is not
intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the
Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s)
or tax-related matter(s) that may be addressed herein.


This e-mail communication (including any attachments) may contain legally privileged and confidential
information intended solely for the use of the intended recipient. If you are not the intended recipient, you
should immediately stop reading this message and delete it from your system. Any unauthorized reading,
distribution, copying or other use of this communication (or its attachments) is strictly prohibited.

**From:** SMR
**To:** david.constine@troutmansanders.com
**Cc:** Jonathan Feigenbaum <JonF@phillips-angley.com>
**Sent:** 12/04/2008  3:43PM
**Subject:** Jacoby v. Hartford

David, when can we expect the discovery responses that you describe in your November 18, 2008 letter?

Scott M. Riemer, Esq.
Riemer & Associates, LLC
60 East 42nd Street, Suite 2430
New York, New York  10165

Phone: 212-297-0700
Fax: 212-297-0730
sriemer@riemerlawfirm.com

This communication may contain privileged and confidential information and is protected by the Electronic Communications Privacy Act, 18 U.S.C. Secs. 2510-2521. It is intended only for the use of the recipient named above. If you are not the intended recipient of this communication, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by collect telephone call and return the original message to us at the address above via United States Postal Service.

1/13/2009

**From:** SMR
**To:** david.constine@troutmansanders.com
**Sent:** 12/17/2008 10:35AM
**Subject:** Jacoby v. Hartford

David, could you please give me an indication when you will be providing substantive responses to plaintiff's interrogatories and document demands?

Scott M. Riemer, Esq.
Riemer & Associates, LLC
60 East 42nd Street, Suite 2430
New York, New York  10165

Phone: 212-297-0700
Fax: 212-297-0730
sriemer@riemerlawfirm.com

This communication may contain privileged and confidential information and is protected by the Electronic Communications Privacy Act, 18 U.S.C. Secs. 2510-2521. It is intended only for the use of the recipient named above. If you are not the intended recipient of this communication, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by collect telephone call and return the original message to us at the address above via United States Postal Service.

EXHIBIT Page (81)

1/13/2009

**From:** "Constine, David E." <david.constine@troutmansanders.com>
**To:** "'Scott M. Riemer'" <sriemer@riemerlawfirm.com>
**Sent:** 12/19/2008  9:45AM
**Subject:** RE: Jacoby v. Hartford

Scott: I would like to let you know where we are on this. Do you have time to discuss today after 1:00?

-----Original Message-----
From: Scott M. Riemer [mailto:sriemer@riemerlawfirm.com]
Sent: Wednesday, December 17, 2008 10:36 AM
To: Constine, David E.
Subject: Jacoby v. Hartford


David, could you please give me an indication when you will be providing substantive responses to plaintiff's interrogatories and document demands?


Scott M. Riemer, Esq.
Riemer & Associates, LLC
60 East 42nd Street, Suite 2430
New York, New York  10165

Phone: 212-297-0700
Fax: 212-297-0730
sriemer@riemerlawfirm.com

This communication may contain privileged and confidential information and is protected by the Electronic Communications Privacy Act, 18 U.S.C. Secs. 2510-2521. It is intended only for the use of the recipient named above. If you are not the intended recipient of this communication, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by collect telephone call and return the original message to us at the address above via United States Postal Service.

Effective January 2009, Troutman Sanders will operate offices in Chicago, San Diego and Orange County, as well as have an expanded presence in Washington, DC as part of the addition of Ross, Dixon, and Bell LLP.  Learn more at www.troutmansanders.com.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.


This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.

1/13/2009

**From:**    "Constine, David E." <david.constine@troutmansanders.com>
**To:**       "'sriemer@riemerlawfirm.com'" <sriemer@riemerlawfirm.com>
**Sent:**    12/30/2008  11:43AM
**Subject:**  Depositions

Scott: I have just had an opportunity to review your depo notices. Based on our conversation the week of
Dec 15, I understood you would be  selecting dates unilaterally that could be changed if I had a conflict. I
have a conflict because I will be in court in WVa on Jan. 13 and in fed court in Richmond on Jan 15. I am
available the next Thu and Fri ( Jan 21 and 22 or Jan 28 and 29). Let me know. Thanks.

---------------------------

Sent from my BlackBerry Wireless Handheld

Effective January 2009, Troutman Sanders will operate offices in Chicago, San Diego and Orange County,
as well as have an expanded presence in Washington, DC as part of the addition of Ross, Dixon, and Bell
LLP.  Learn more at www.troutmansanders.com.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you
that any tax advice that may be contained in this communication (including any attachments) is not
intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the
Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s)
or tax-related matter(s) that may be addressed herein.


This e-mail communication (including any attachments) may contain legally privileged and confidential
information intended solely for the use of the intended recipient. If you are not the intended recipient, you
should immediately stop reading this message and delete it from your system. Any unauthorized reading,
distribution, copying or other use of this communication (or its attachments) is strictly prohibited.

**From:**    SMR
**To:**      "Constine, David E." <david.constine@troutmansanders.com>
**Cc:**      Jonathan Feigenbaum <JonF@phillips-angley.com>
**Sent:**    12/30/2008  2:10PM
**Subject:** RE: Depositions

David, our concern is that those dates are very close to the discovery cutoff. If you could arrange the cooperation of UDC, MAG and Dr. Sniger with those dates, they are fine with us. It is our understanding that Hartford attorney David Crevier in Springfield has represented Dr. Sniger in the past. Perhaps you should check with him.


Scott M. Riemer, Esq.
Riemer & Associates, LLC
60 East 42nd Street, Suite 2430
New York, New York  10165

Phone: 212-297-0700
Fax: 212-297-0730
sriemer@riemerlawfirm.com

This communication may contain privileged and confidential information and is protected by the Electronic Communications Privacy Act, 18 U.S.C. Secs. 2510-2521. It is intended only for the use of the recipient named above. If you are not the intended recipient of this communication, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by collect telephone call and return the original message to us at the address above via United States Postal Service.


--- Original Message---
To: "'sriemer@riemerlawfirm.com'" <sriemer@riemerlawfirm.com>
From: "Constine, David E." <david.constine@troutmansanders.com>
Sent: 12/30/2008 11:43AM
Subject: Depositions

>> Scott: I have just had an opportunity to review your depo notices. Based on our
>> conversation the week of Dec 15, I understood you would be  selecting dates
>> unilaterally that could be changed if I had a conflict. I have a conflict because I will be in
>> court in WVa on Jan. 13 and in fed court in Richmond on Jan. 15. I am available the next
>> Thu and Fri ( Jan 21 and 22 or Jan 28 and 29). Let me know. Thanks.
>> --------------------------
>> Sent from my BlackBerry Wireless Handheld
>>
>> Effective January 2009, Troutman Sanders will operate offices in Chicago, San Diego
>> and Orange County, as well as have an expanded presence in Washington, DC as
>> part of the addition of Ross, Dixon, and Bell LLP.  Learn more at
>> www.troutmansanders.com.
>>
>> IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the

**From:**     "Constine, David E." <david.constine@troutmansanders.com>
**To:**        "'sriemer@riemerlawfirm.com'" <sriemer@riemerlawfirm.com>
**Cc:**        "'JonF@phillips-angley.com'" <JonF@phillips-angley.com>
**Sent:**     12/30/2008 10:04PM
**Subject:**  Re: Depositions

I will see what I can do. But I know I can't do the 14th and 15th because of prio court commitments. I will be back in touch as soon as I can. Thanks.
--------------------------

Sent from my BlackBerry Wireless Handheld


----- Original Message -----
From: Scott M. Riemer <sriemer@riemerlawfirm.com>
To: Constine, David E.
Cc: Jonathan Feigenbaum <JonF@phillips-angley.com>
Sent: Tue Dec 30 14:15:46 2008
Subject: RE: Depositions

David, our concern is that those dates are very close to the discovery cutoff. If you could arrange the cooperation of UDC, MAG and Dr. Sniger with those dates, they are fine with us. It is our understanding that Hartford attorney David Crevier in Springfield has represented Dr. Sniger in the past. Perhaps you should check with him.


Scott M. Riemer, Esq.
Riemer & Associates, LLC
60 East 42nd Street, Suite 2430
New York, New York 10165

Phone: 212-297-0700
Fax: 212-297-0730
sriemer@riemerlawfirm.com

This communication may contain privileged and confidential information and is protected by the Electronic Communications Privacy Act, 18 U.S.C. Secs. 2510-2521. It is intended only for the use of the recipient named above. If you are not the intended recipient of this communication, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by collect telephone call and return the original message to us at the address above via United States Postal Service.


--- Original Message---
To: "'sriemer@riemerlawfirm.com'" <sriemer@riemerlawfirm.com>
From: "Constine, David E." <david.constine@troutmansanders.com>
Sent: 12/30/2008 11:43AM
Subject: Depositions

>> Scott: I have just had an opportunity to review your depo notices. Based on our

1/13/2009

**From:**     SMR
**To:**       david.constine@troutmansanders.com
**Cc:**       Jonathan Feigenbaum <JonF@phillips-angley.com>
**Sent:**     1/08/2009  11:54AM
**Subject:**  Jacoby v. Hartford

David, I just wanted to follow-up with Hartford's response to plaintiff's discovery demands. We still have not received the requested documents and information. We are running out of time. Please tell me when we could expect such documents and information. We hope we not have to involve the court. Also, have you made any headway with the dates for the subpoenaed depositions?

Scott M. Riemer, Esq.
Riemer & Associates, LLC
60 East 42nd Street, Suite 2430
New York, New York 10165

Phone: 212-297-0700
Fax: 212-297-0730
sriemer@riemerlawfirm.com

This communication may contain privileged and confidential information and is protected by the Electronic Communications Privacy Act, 18 U.S.C. Secs. 2510-2521. It is intended only for the use of the recipient named above. If you are not the intended recipient of this communication, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by collect telephone call and return the original message to us at the address above via United States Postal Service.

1/13/2009

| | |
|---|---|
| **From:** | "Constine, David E." <david.constine@troutmansanders.com> |
| **To:** | "'Scott M. Riemer'" <sriemer@riemerlawfirm.com> |
| **Sent:** | 1/08/2009   5:24PM |
| **Subject:** | RE: Jacoby v. Hartford |

Thanks Scott for your patience. I am trying to run all this down and hope to speak to my contact at Hartford tomorrow re discovery responses and we are working on re-setting the deposition dates. I will be in touch very shortly.

-----Original Message-----
From: Scott M. Riemer [mailto:sriemer@riemerlawfirm.com]
Sent: Thursday, January 08, 2009 11:57 AM
To: Constine, David E.
Cc: Jonathan Feigenbaum
Subject: Jacoby v. Hartford


David, I just wanted to follow-up with Hartford's response to plaintiff's discovery demands. We still have not received the requested documents and information. We are running out of time. Please tell me when we could expect such documents and information. We hope we not have to involve the court. Also, have you made any headway with the dates for the subpoenaed depositions?


Scott M. Riemer, Esq.
Riemer & Associates, LLC
60 East 42nd Street, Suite 2430
New York, New York 10165

Phone: 212-297-0700
Fax: 212-297-0730
sriemer@riemerlawfirm.com

This communication may contain privileged and confidential information and is protected by the Electronic Communications Privacy Act, 18 U.S.C. Secs. 2510-2521. It is intended only for the use of the recipient named above. If you are not the intended recipient of this communication, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by collect telephone call and return the original message to us at the address above via United States Postal Service.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.


This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading,

1/13/2009

**From:**   SMR
**To:**     david.constine@troutmansanders.com
**Cc:**     Jonathan Feigenbaum <JonF@phillips-angley.com>
**Sent:**  1/12/2009   1:56PM
**Subject:** Jacoby v. Hartford

David, the subpoenaed depositions are this week, but we have not heard from any of the subpoenaed entities. No motion was made to quash. You sent us an email that you were working on possible alternative days, but we have nothing specific. We also have not received the promised documents and information from you. Please contact me as soon as possible. There are only 18 days before the close of discovery. Our position is becoming untenable. We are going to be forced to make a motion very shortly.

Scott M. Riemer, Esq.
Riemer & Associates, LLC
60 East 42nd Street, Suite 2430
New York, New York  10165

Phone: 212-297-0700
Fax: 212-297-0730
sriemer@riemerlawfirm.com

This communication may contain privileged and confidential information and is protected by the Electronic Communications Privacy Act, 18 U.S.C. Secs. 2510-2521. It is intended only for the use of the recipient named above. If you are not the intended recipient of this communication, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by collect telephone call and return the original message to us at the address above via United States Postal Service.