UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JULIE JACOBY                                      07 Civ 4627 (LAK)(RLE)

                   Plaintiff,          AFFIRMATION OF
                                                  <u>SCOTT M. RIEMER</u>
    -against-

HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY

                   Defendant.
-----------------------------------------------------------------X

       SCOTT M. RIEMER, an attorney duly admitted to practice in the Courts of this State, does hereby affirm to be true under the penalties of perjury as follows:

       1.     I am counsel for plaintiff in the above-referenced action. I submit this affirmation in support of plaintiff's discovery motion. The parties have conferred and have been unable to resolve our differences. The document record is annexed hereto as Exhibit A.

       2.     This motion should be granted because to date despite the passage of almost three months, Hartford has not produced a single responsive document. Jacoby has waited so long to make this motion because counsel for Hartford has repeatedly assured the undersigned that most of the requested discovery would be produced. (A76-88). Despite such assurances and promises of cooperation, Hartford is still in complete default, with no change in sight.

       3.     Plaintiff's discovery demands were tailored to probe into how Hartford's inherent conflict of interest impacted its claims and appeals determinations. In this regard, plaintiff has served two sets of document demands and a set of interrogatories. (A6-19, 40-43). Jacoby has also served third party discovery requests on the two consulting firms hired by Hartford, UDC and MAG, as well as Dr. Sniger who reviewed plaintiff's documents on

Hartford's behalf. (A49-70). Jacoby also seeks the deposition of the individual at Hartford who decided Jacoby's appeal.

4. Hartford has objected to many of Jacoby's demands on the grounds of burdensomeness and being beyond the scope of permitted discovery in an ERISA case. (A21-39, 44-48). These objections have no merit in light of this Court's decision in *Hogan-Cross v. Metropolitan Life Ins. Co.*, 2008 U.S. Dist. LEXIS 58027 (S.D.N.Y. July 31, 2008) and the recent Second Circuit decision in *McCauley v. First UNUM Life Ins. Co.*, 2008 U.S. App. LEXIS 26094 (2nd Cir. Dec. 24, 2008).

5. The additional time requested in this motion is necessary because it appears that Hartford's consultants are also resisting discovery, despite being duly served with subpoenas. (A71-75). Plaintiff would like to have the benefit of the requested documentation prior to taking the requested depositions.

6. Upon information and belief, both MAG and UDC are within the control of Hartford. They both have entered into consultant agreements with Hartford, obligating them to assist Hartford in its litigations, and permitting Hartford to inspect their records. The requested documents and information in the possession of UDC and MAG could be obtained by Hartford by simply asking. Ignoring this reality, Hartford, UDC and MAG are attempting to avoid disclosure by whipsawing plaintiff back and forth. Each asserting that only the other entity can be asked for such information.

WHEREFORE, Jacoby's motion should be granted in its entirety.

Dated: New York, New York
January 14, 2009

    /s/Scott M. Riemer_____
SCOTT M. RIEMER (SR5005)