RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
Office and Post Office Address
60 East 42nd Street, Suite 2430
New York, New York 10165
(212) 297-0700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JULIE JACOBY                                              07 Civ 4627 (LAK)(RLE)

                                               Plaintiff,

        -against-

HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY,

                                               Defendant.
-------------------------------------------------------------------X

## PLAINTIFF'S REPLY IN FURTHER SUPPORT
## OF HER DISCOVERY MOTION

Plaintiff submits this reply in further support of her discovery motion filed on January 14, 2009.

Hartford states that it does not oppose plaintiff's request to enlarge the discovery period and states that Hartford has already agreed to produce the vast majority of the information by plaintiff, but this motion is necessitated precisely because <u>Hartford</u> has not provided a single responsive document to date despite the passage of more than 90 days.

Hartford is correct that a discussion was held between counsel on December 18 as to what Hartford intends to produce, but that discussion was in no sense an agreement binding plaintiff to restricted discovery or to what Hartford intended to produce. Indeed, nothing was ever reduced to writing and Hartford in any event never fulfilled any of the promises it made during that discussion.

Plaintiff's Interrogatories

Plaintiff believes that Hartford should answer all the interrogatories posed by plaintiff. All of these interrogatories relate directly to Hartford's conflict of interest or to tangential issues that bear on Hartford's conflict, such as the procedures employed by Hartford to ensure accurate claims administration.

With respect to No. 7, which seeks information about the types of illnesses its medical consultants have opined on, Hartford claims that it does not have access to this information. This defies credulity. Hartford was provided with each such report. It is hard to believe that a sophisticated insurer such as Hartford cannot track this information with its computer systems. My small law office can make precisely such a search with the off-the-shelf case management software it purchased from Lexis/Nexis. If Hartford cannot track such information, it is because it deliberately set up a system in order to thwart potential discovery. This information relates to conflict because it will establish that Hartford knowingly relies on medical consultants who will give opinions in areas beyond their expertise.

With respect to No. 9, the information in 9(c) to 9(g) will be helpful in discerning whether Hartford adequately monitors the professionalism of the reviews it receives from UDC and MAG or whether it turns a blind eye to the fact that those entities are hired guns. *MetLife v. Glenn* specifically focuses on whether an insurer has in place safeguards to ensure the accuracy of the decisionmaking process. 128 S.Ct. 2343 at 2351. With respect to 13, plaintiff seeks only information on Hartford databases used in the claims and appeals process.

Plaintiff's Document Demands

Plaintiff believes that Hartford should answer all the document demands posed by plaintiff.

With respect to No. 1, plaintiff refuses to sign a confidentiality agreement to obtain the BMS Manual or SIU Reference Manual. No protective order is necessary because these are not confidential documents. Indeed, plaintiff's counsel is in possession of copies that are <u>not</u> subject to a protection order. They were ordered produced without a protective order in *Rorabaugh v. Continental Casualty Co.*, 05 CV 3612 )(C.D. Ca. 2006). Upon information and belief, they were widely disseminated to plaintiff's attorneys throughout the country including the undersigned.

With respect to No. 8, estimates, projections and reserves with respect to plaintiff's benefit are relevant to the conflict of interest because that is the amount of money Hartford would save by denying benefits. Writings relating to Hartford's focus on this issue are directly relevant to its conflict.

With respect to No. 9, the underwriting file and marketing materials of Hartford are relevant to the conflict because they focus on Hartford's assurances to the plan sponsor that plan expenses would remain low. Any focus on the financial aspect of a claim bears on Hartford's conflict of interest.

With respect to No. 11, any document in the employees, file, that may or may not be in a performance appraisal, can possibly relate to whether that employee was motivated to deny or terminate more claims.

With respect to plaintiff's third document demand requesting the reports of Dr. Levy focusing on chronic fatigue syndrome or fibromyalgia between 2005 and 2008 bears on the conflict because it relates to whether Hartford has been monitoring the accuracy of claim determinations. If all of Dr. Levy's reports are substantially identical, with a change of name,

etc., then it shows that his review of plaintiff was a sham. It will also show that Hartford was willing to accept the sham, seeing the same report repeatedly.

Document Subpoenas to UDC and MAG

Hartford asserts that it is has no control over UDC and MAG. This claim is little more than an attempt to avoid discovery by making discovery of relevant information prohibitively expensive for plaintiff to obtain. In denying summary judgment, this Court has already described the close relationship between UDC and Hartford, indicating that UDC derived nearly three quarters of its revenue from Hartford.

Hartford, furthermore, does <u>not</u> deny that its consultant agreements with UDC and MAG obligates them to assist Hartford in its litigations and permits Hartford to inspect UDC's and MAG's records. If Hartford can inspect UDC's and MAG's records, such records are within Hartford's control. Hartford and its consultants are whipsawing plaintiff in attempt to avoid discovery. Expensive discovery proceedings up in Massachusetts can be avoided if Hartford simply provides the documents which it most certainly can obtain.

Dated: New York, New York
January 21, 2009

        RIEMER & ASSOCIATES LLC
        Attorneys for Plaintiff
        60 East 42nd Street, Suite 2430
        New York, New York 10165
        (212) 297-0700


        By: <u>/s/Scott M. Riemer</u>
           Scott M. Riemer (SR5005)

1  Glenn R. Kantor - SBN122643
   E-Mail: gkantor@kantorlaw.net
2  Corinne Chandler - SBN111423
   E-Mail: cchandler@kantorlaw.net
3  KANTOR & KANTOR LLP
   17216 Parthenia Street
4  Northridge, California 91325
   Telephone: (818) 886-2525
5  Facsimile: (818) 350-6272

6  Attorneys for Plaintiff,
   Willow Rorabaugh

Priority ✓
Send ✓
Enter ✓
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK U S DISTRICT COURT
AUG - 2 2006
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLOW RORABAUGH,<br><br>Plaintiff,<br><br>VS.<br><br>CONTINENTAL CASUALTY COMPANY; EDWARD D. JONES & CO. LONG TERM DISABILITY PLAN; EDWARD D. JONES & CO. MEDICAL PLAN; EDWARD D. JONES & CO. LIFE INSURANCE PLAN; EDWARD D. JONES & CO. PENSION/RETIREMENT PLAN;<br><br>Defendants. | CASE NO: CV05-03612 ABC (RCx)<br><br>[~~PROPOSED~~] ORDER REGARDING CLAIMED CONFIDENTIALITY OF HARTFORD'S CLAIM MANUAL AND DURATION GUIDELINES<br><br>Date: ~~August 7, 2006~~<br>Time: ~~10:00 a.m.~~ |

~~This matter came on for hearing upon defendants' Motion for Review of the Magistrate's Order of June 22, 2006~~. The Court having considered the Motion and the supporting and opposing pleadings filed in connection therewith and finding good cause therefor, hereby orders as follows:

1. Defendant's *meritless* Motion is denied. The Magistrate's findings were neither clearly erroneous or without factual support.

2. Defendants are hereby ordered to re-produce the documents previously produced to plaintiff in this action, which are numbered "Conf 0001 to Conf 03430,"

1

without any confidential markings.

3. The documents produced by defendant on July 18, 2006 and which have been numbered "Conf 0001 to Conf 03430" are not confidential in nature. Until such time as defendants re-produce the documents as ordered in paragraph 2 above, said documents may be freely filed with the Court, without limitation.

Dated: August 2, 2006

_____
The Honorable Audrey B. Collins
U.S. District Court Judge

# PROOF OF SERVICE

STATE OF CALIFORNIA ) 
                              ) ss.
COUNTY OF LOS ANGELES )

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 17216 Parthenia Street, Northridge, California 91325.

      On July 21, 2006, I served the foregoing document described as: [PROPOSED] ORDER REGARDING CLAIMED CONFIDENTIALITY OF HARTFORD'S CLAIM MANUAL AND DURATION GUIDELINES on the interested parties in this action in a sealed envelope addressed as follows:

Robert Keehn, Esq.
Galton & Helm LLP
500 S. Grand Ave., Suite 1200
Los Angeles, CA 90071

[XX] (BY MAIL) I deposited such envelope in the mail at Northridge, California. The envelope was mailed with postage thereon fully prepaid.

[XX] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Northridge, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

[ ] (BY FACSIMILE) I faxed such document to the facsimile number above following regular business practices.

[ ] (BY FEDERAL EXPRESS) I caused such envelope to be delivered on by Federal Express to the office of the addressee so indicated.

[ ] (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[XX] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 21, 2006, at Northridge, California.

                                                      _/s/ Mildred Schwam_
                                                      Mildred Schwam